## MONROE HARPER v. THE STATE.

1. SABBATH.—The common law forbids any judicial act on the Sabbath.
2. SAME.—The provision in the Code of Procedure (Paschal's Dig., art. 3150) making it the duty of the judge to sit during the whole of the Sabbath in cases where less than six hours remain after a verdict before the court, by law, must adjourn, plainly indicates that in all other cases the term of the court shall adjourn at the end of the six judicial days of the week.
3. VERDICT CANNOT BE RETURNED ON SUNDAY.—A verdict returned on the Sabbath in a case submitted to the jury on the last Saturday of the term of the District Court is a nullity.

APPEAL from Titus. Tried below before the Hon. Jas. H. Rogers.

The facts, so far as necessary, appear in the opinion.

*Christian & McDonald,* for appellant.

*A. J. Peeler, Assistant Attorney General,* for the State.

GOULD, ASSOCIATE JUSTICE.—The District Court of Titus county holds its sessions on the "second Monday in March," and "may continue in session two weeks." (See Gen. Laws 2d sess. 14th Leg., p. 106, act of March 13, 1875, taking

effect from and after that date.)    Accordingly that court commenced its sessions on the second Monday and 8th day of March last.    On Saturday of the second week, being March 20, appellant was arraigned on an indictment for murder, and the trial regularly conducted until the jury had heard the evidence and received the charge of the court.    The record recites: "And the said jury having been impaneled and sworn according to law, and having heard the evidence, argument of counsel, and received the charge of the court, afterwards, to wit, on Sunday, the 21st day of March, A. D. 1875, returned into open court the following verdict, to wit: 'We, the jury, find the defendant guilty of murder in the second degree, and assess his punishment at confinement in the penitentiary for five years, this March 21, 1875.    (Signed) D. R. Reynolds, foreman.'    Whereupon it is considered and adjudged by the court that the defendant, Monroe Harper, be confined in the penitentiary of the State of Texas for the full period of five years at hard labor," &c.

On the same day, March 21, was filed a motion for new trial, one ground assigned being, " Because the court erred in receiving the verdict of the jury on Sunday, March 21, 1875, at 11 o'clock, a. m., when by law the term of the court expired at 12 o'clock at night of March 20, 1875." The record shows that this motion was overruled on the same day, and notice of appeal entered on the minutes.

We are of the opinion that the "two weeks" during which the term might continue ended at 12 o'clock on the night of Saturday, March 20.    The rule of the common law forbids any judical act on the Sabbath.    (See Nabors *v.* State, 6 Ala., 203; Baxter *v.* People, 3 Gilman, (Ill.,) 368, citing Swann *v.* Broome, 3 Burrow, 1595; Story *v.* Elliott, 8 Cow., 27.)

The well-established usages of the people and courts of this and the other States of the Union require that the word "weeks" be construed as embracing only the six

judicial days of the final week of the term. The case of Nabors *v.* State, cited above, is authority in point.

If, however, we look to our statute alone, it is evidently intended that the court should end on Saturday night. Article 3150, Paschal's Digest, is: "If, at the time a verdict is returned into court, there be less than six hours remaining before the court by law must adjourn, it shall be lawful and shall be the duty of the district judge to sit during the whole of Saturday night and Sunday, for the purpose of enabling the defendant to move for a new trial, or in arrest of judgment, and prepare his cause for the Supreme Court." In thus providing for a particular case, in which the court may continue, for certain purposes, beyond the time it must otherwise adjourn, it is plain that an adjournment on Saturday night is intended.

The action of the court, in receiving the verdict after the expiration of the term by law, was erroneous, and the judgment entered up thereon was unauthorized and void.

No question arises in this case as to the ascertainment of the precise time at which the court by law terminated. The record shows affirmatively that the verdict was returned and all subsequent proceedings had on the day after that fixed by law for the end of the term.

It is not deemed necessary to notice any other questions in the case.

The judgment is reversed and the case remanded.

                  Reversed and remanded.