A. R. Bond v. A. G. Rintleman.

Decided October 20, 1900.

1. Appeal Bond—Justice Court—Filing Not in Ten Days.

An appeal from the justice court to the county court was properly dismissed where the appeal bond was filed nine days after an order overruling a motion for new trial in the justice court, which order was unauthorized because made eleven days after the rendition of the judgment. Rev. Stats., art. 1670.

2. Same—Sunday Not Judicial Day.

A motion for new trial in justice court, not acted on within ten days, will not be considered as having been overruled on the tenth day when such day falls on Sunday.

Appeal from the County Court of Tarrant. Tried below before Hon. M. B. Harris.

R. L. Carlock, for appellant.

Tarlton & Ayers, for appellee.

Conner, Chief Justice.—On November 17, 1898, judgment was rendered in a Justice Court in favor of appellee for certain rents claimed by him. Appellant filed motion for new trial, but no action was taken thereon in the Justice Court until Monday, November 28, 1898, when such motion was overruled. Thereafter, on December 7, 1898, appellant filed with the justice his appeal bond, which was duly approved. In the County Court motion was duly made that the appeal be dismissed on the ground, among others, that the appeal bond was filed too late, which motion was sustained and the appeal dismissed. From which judgment of dismissal appeal has been taken to this court.

By order of the Commissioners Court a regular term of said Justice Court began on the last Monday in each month, the terms, by custom of the justice, continuing from one term until the next. Monday, November 28, 1898, being the opening day of a new term, and the eleventh day after the judgment of the Justice Court, it follows that the order of the justice on that day overruling the motion for new trial must be regarded as unauthorized. See Carter v. Van Zandt County, 75 Texas, 286.

It is clear that the bond in question was not filed within ten days after the rendition of the justice's judgment, as required by article 1670, Revised Statutes. It is insisted, however, that in the absence of lawful action on the part of the court, the law considers the motion to have been overruled on the tenth day after judgment, and that the party desiring to appeal has ten days from this time within which to file his bond. This contention seems to have support in the case of Jones v. Collins, 70 Texas, 752, and the cases therein cited, but we still think the action of the court below in dismissing the appeal was correct. The term of the Justice Court during which the judgment in question was rendered

ended at 12 o'clock p. m. Saturday night, November 26th. See Harper v. State, 43 Texas, 431. It is conceded that ordinarily the ten days allowed by statute within which a motion for new trial may be granted will not extend beyond the term; so that ordinarily where less than ten days of the term remains the motion must be acted upon before its expiration, notwithstanding the statute. If we construe the failure of the court to act upon the motion on Saturday, November 26th, as equivalent to an order overruling the same as of that date, then the appeal bond in question was filed too late under the rule invoked by appellant. November 27th was Sunday and the tenth day from the rendition of the justice's judgment. If we consider the court's failure to act as equivalent to an order of the justice overruling the motion as of that day, we then have an order upon Sunday, which, by the common law, is dies non juridicus (see Harper v. State, 43 Texas, 431; Crabtree v. Whiteselle, 65 Texas, 113), and upon which no such order could properly be made. While it is true that our statute (Revised Statutes, article 1180) has made certain exceptions to the common law rule (see last case cited above), and that it has been held that certain ministerial acts may be performed on Sunday (Insurance Co. v. Shrader, 33 Southwestern Reporter, 112), yet the exceptions have never been extended, so far as we have been able to determine, so as to include a judicial act. "That a judgment rendered on that day (Sunday) is void may now be regarded as settled law," is the language of our Supreme Court in the case last cited. The act of the court in granting or overruling a motion for new trial is an exercise of a judicial function that must result in a judgment, and we do not think we should impute to the court an order that he could not lawfully have entered upon Sunday, November 27, 1898.

The judgment is affirmed.

*Affirmed.*