WALL, Appellant, v. HOLLADAY-KLOTZ LAND & LUMBER COMPANY.

Division Two, June 9, 1903.

1. **Tax Suit:** AGAINST HEIRS. A judgment for taxes against the ''heirs'' of the owner, and the sheriff's deed made in pursuance thereof, are void, for the reason that when merely the word ''heirs'' of any particular person was used in the petition to describe defendants, the presumption is that their names were known to the collector, and therefore they should have been set forth, and process issued against them accordingly, or if the collector did not know the names they should have been described in the petition as the ''unknown heirs'' of that particular person, as the statute requires. Hence, it is *held* in this case, that the purchaser at a sheriff's sale under a tax suit in which the defendants were described as ''the heirs of David Bollinger'' acquired no title, and the pur-

chaser at the sheriff's sale in another tax suit in which the defendants were described as "the unknown heirs of David Bollinger" did, in the absence of any showing that the proceeding was not otherwise according to law, acquire the title.

2. ———: PRESUMPTION. In the absence of any showing to the contrary, the presumption will be indulged that the proceedings to enforce a tax lien were in accordance with the statute.

Appeal from Wayne Circuit Court. — *Hon. Frank R. Dearing*, Judge.

AFFIRMED.

*M. R. Smith* for appellant.

(1) A judgment obtained in a back tax suit on an order of publication against "the unknown heirs of David Bollinger" is void, and the sheriff's deed purporting to convey the interests of such unknown heirs received for the land sold under such judgment, is also void. Turner v. Gregory, 151 Mo. 106; Rohrer v. Oder, 124 Mo. 32; Bleidorn v. Pilot Mountain Co., 89 Tenn. 204; s. c., 15 S. W. 739; Harness v. Cravens, 126 Mo. 233; State ex rel. v. White, 75 Mo. App. 257. (2) A judgment obtained in a back tax suit on an order of publication against "the heirs of David Bollinger" is void, and the sheriff's deed purporting to convey the interests of such heirs received at the sale under such judgment, is also void. R. S. 1899, secs. 575 and 580; authorities under point 1. (3) Two special judgments were obtained for back taxes for the same years, affecting the same land, in one suit against the unknown heirs of David Bollinger, and in the other, against the heirs of David Bollinger. The suits were instituted by Wiley Daniel, collector of Wayne county. In one suit he states that he knew that David Bollinger was dead and left heirs; in the other suit he states that he knew that David Bollinger left heirs, but their names and whereabouts were unknown to him, and not

ascertainable after diligent inquiry. The presumption is that each of these suits were brought against the record owners (and yet the evidence shows that it was not brought against the owners), and also that the affidavits made by the collector to the petitions in said suits, if they were made, were made in accordance with law. Charles v. Morrow, 99 Mo. 638; Meyers v. McRay, 114 Mo. 382; Rohrer v. Oder, supra; Carder v. Primm, 52 Mo. App. 108. (4) From the sheriff's deeds offered in evidence by respondents we learn that two judgments in two different suits for back taxes against the said eighty acres of land, on the same day, in part for the same years, were obtained in the circuit court of Wayne county, and a sale under each of the judgments made by the same officer at the March term of Wayne Circuit Court, one on March 18, 1890, and one on March 19, 1890. One of these judgments was against "the unknown heirs of David Bollinger," and the other was against "the heirs of David Bollinger," and one of the deeds purports to convey the interests of "the unknown heirs of David Bollinger," and the other deed purports to convey the interests of "the heirs of David Bollinger." Rohrer v. Oder, supra; Bleidorn v. Pilot Mountain Co., supra; Carder v. Primm, supra. (5) The respondent was not an innocent purchaser; first, for the reason that it got title by a quitclaim deed; second, H. N. Holladay was the grantor to the Holladay Lumber & Mercantile Company, and as president of the company made a deed to respondent company of which he was also president. This was all within the range of his official duties. Holladay v. Ridgeway, 59 Mo. 444; Mann v. Best, 62 Mo. 496; Freeman v. Moffitt, 119 Mo. 302; Young v. Scofield, 132 Mo. 660; Benton v. Bank, 122 Mo. 339.

*James F. Green* for respondent.

(1) The sheriff's deeds were prima facie evidence of the facts therein stated, and that the heirs of Bol-

linger, who were made defendants in the tax suit, were the owners of the land. Secs. 3150, 3210, R. S. 1899; Jourdan v. Surghnor, 107 Mo. 525; Sachse v. Klingsmith, 97 Mo. 408. (2) The tax proceedings against "the unknown heirs of Bollinger" are sufficiently shown by the deeds read in evidence, and all presumptions will be indulged in favor of the regularity of such proceedings. Charles v. Marrow, 99 Mo. 638; Elting v. Gould, 96 Mo. 541; sec. 580, R. S. 1899; Young v. Downey, 145 Mo. 250; Price v. Real Estate Assn., 101 Mo. 102.

BURGESS, J. — This is an action by plaintiff under the provisions of section 650, Revised Statutes 1899, to quiet the title to one hundred and twenty acres of land in Wayne county, of which plaintiff claims to be the owner in fee. David Bollinger is the common source of title. He died in Bollinger county, and plaintiff claims that he left a will by which he devised the lands in question to his sons, Noah A. Bollinger and Daniel E. Bollinger. This will was never recorded in Wayne county, nor was it offered in evidence, it having been principally destroyed by fire. It was, however, admitted to probate in Bollinger county upon proof of its contents, and a copy of that record was read in evidence by plaintiff. The land in question is embraced in the land described in said will as the "home farm."

On the 4th day of February, 1898, Emore and Noah Bollinger, and their wives, for and in consideration of the sum of ten dollars, conveyed to plaintiff by quitclaim deed the land in question.

Defendant claims title by virtue of two sheriff's deeds, one dated March 19, 1890, conveying the interest of "the unknown heirs of David Bollinger" to H. N. Holladay, for the northeast quarter of the southeast quarter and the southwest quarter of the northeast quarter, of section 22, and the southeast quarter of the northeast quarter of section 23, township 23, range 7;

and the other of the same date, conveying the interest of the "heirs of David Bollinger" to C. A. Bennett in the northeast quarter of the southeast quarter of section 22, and the southeast quarter of the northeast quarter of section 23, all in township 30, range 7. The grantees in these deeds subsequently conveyed to defendant.

The court after hearing the evidence, made its finding as follows:

"In this case the court makes the following findings of facts: That the land described in plaintiff's petition was patented by David Bollinger, now deceased; that David Bollinger died in 1869, testate; that he devised the lands in question to his sons, N. A. Bollinger and D. E. Bollinger; that said will was probated and recorded in Bollinger county, which was the home of David Bollinger, and his sons N. A. and D. E. Bollinger, who still live there; that the said devisees paid taxes on the land in question after their father's death until about 1876 and never paid any taxes thereafter; that in 188— the collector of Wayne county, Missouri, commenced a tax suit for delinquent taxes against the unknown heirs of David Bollinger, the last will of David Bollinger not having been recorded in said county of Wayne; that said lands were sold at sheriff's sale in 188—, under execution, for delinquent taxes, and was purchased by H. N. Holladay and by him conveyed to the Holladay-Klotz Land & Lumber Company; that in 188— plaintiff, E. R. Wall, called on N. A. Bollinger and D. E. Bollinger at their home in Bollinger county and purchased of them said lands for the sum of $10, taking a quitclaim deed therefor."

It is said for plaintiff that the judgment obtained in the back tax suit on the order of publication against the "heirs of David Bollinger" is void and the sheriff's deed from John A. Johnson, sheriff, to C. A. Bennett, purporting to convey the interests of said heirs in part of the lands in question, to-wit, the northeast

quarter of the southeast quarter of section twenty-two, and the southeast quarter of the northeast quarter of section twenty-three, township thirty, of range seven, passed no title.

The order of publication having been destroyed is not in evidence, but the deed recites that the judgment under which the special execution was issued, land sold, and the deed made, was against the "heirs of David Bollinger." The argument is that this deed is void for the reason that it may reasonably be presumed that the collector knew that David Bollinger was dead and left heirs or devisees, and that he could have learned their names and where they lived had he made an effort. That they could not be both unknown and at the same time known, hence, the conclusion must follow from the deeds and the facts in the case, that the collector did not swear to the petitions filed in the suits, as it would be necessary to swear to the same subject-matter one way to-day, and another way to-morrow, and, hence, will be presumed that he did not swear at all.

The manner of instituting suits and getting parties defendant into court so that the court may acquire jurisdiction over them in actions for the collection of delinquent taxes, is purely statutory, and it makes no provision in such cases for the institution of a suit simply against the "heirs" of any particular person, nor for serving process upon them. The presumption is, when the word "*heirs*" of any particular person is used in such a petition, that their names are known to the plaintiff, and therefore should be set forth as defendants, and process issued against them accordingly. But if the heirs who are made defendants are *unknown* to the plaintiff, then the statute points out a way by publication to bring them into court and thus acquire jurisdiction over them. [Secs. 575 and 580, R. S. 1899.] That is to say, the full names of the defendants should be given in the caption, except in cases otherwise pro-

vided for by statute, as in case the names of parties defendant are *unknown to plaintiff*, then they may be proceeded against as provided by section 580, Revised Statutes 1899. The recital in the deed from John H. Johnson, sheriff, to C. A. Bennett, for the northeast quarter of the southeast quarter of section twenty-two, and the southeast quarter of the northeast quarter of section twenty-three, township thirty, of range seven, shows that the judgment under which it was sold and in pursuance of which the deed was made was against the "heirs of David Bollinger" and must, together with said deed, for the reasons stated, be held void.

But it is otherwise with respect to the deed from John H. Johnson, as sheriff, to H. N. Holladay, for all the land in litigation, dated on the 18th day of March, 1890, which shows upon its face to have been made by the sheriff of Wayne county in pursuance of a sale made by him under special execution issued upon a judgment rendered in the circuit court of said county in favor of Wiley Daniel, collector, against the "unknown heirs of David Bollinger," and made a lien on said lands. In the absence of any showing to the contrary the presumption must be indulged that the proceeding to enforce this tax lien was in accordance with section 580, supra, and "by right and not by wrong." It must follow that the deed in question passed the title of the "unknown heirs of David Bollinger" to Holladay, the grantee therein named, and as defendant company holds under him it has the title to said land.

The judgment is affirmed. All of this Division concur.