## W. W. HOSKINS ET AL. v. VELASCO NATIONAL BANK ET AL.

### Decided December 16, 1907.

**1.—Bankruptcy—Discharge—Fiduciary Capacity vel non—Evidence.**

In a suit against a discharged bankrupt for a preexisting debt, evidence considered, and held sufficient to support a finding that the money sued for was not obtained by false or fraudulent representations, nor was the defendant occupying a fiduciary relation towards the plaintiff, hence the discharge in bankruptcy was a bar to the action.

**2.—Banks—Relation of Depositor.**

One who deposits money in a bank simply becomes a creditor to the amount of his deposit and has no right to demand of the bank the return of the identical money deposited by him, but only a sum equal to that deposited.

**3.—Bankruptcy—Creditor.**

One who receives the assets of a bank in liquidation and assumes its debts thereby becomes a debtor to the individual depositors, and in bankruptcy proceeding should name the depositors as his creditors.

**4.—Bankruptcy—Composition—Judgment of Discharge.**

A creditor who enters into a composition with his bankrupt debtor and is a party to the judgment of discharge based thereon, is bound by the recitals in the judgment and cannot collaterally attack the same.

**5.—Venue—Partners—Evidence—Bankruptcy.**

In a suit against two defendants as partners the venue may be laid in the county of the domicile of either. Evidence considered, and held to support the finding of the trial court that defendants were partners. Nor does the fact that one of the partners had been discharged in bankruptcy affect the question when it was an issuable fact whether or not the discharge in bankruptcy relieved said defendant from liability.

**6.—Actions—Joinder of Causes.**

When causes of action are connected with each other or grow out of the same transaction, they may be properly joined, and all persons against whom the plaintiff asserts a common or alternate liability may be joined as defendants. Hence a petition which in one count alleges debt and in another alleges tort is not subject to an exception on the ground of misjoinder of causes of action when both counts relate to the same transaction.

**7.—Limitation—Breach of Contract.**

In a suit for breach of contract to pay a debt assumed by defendant, limitation would not begin to run until defendant made default, or until plaintiff himself paid the debt.

**8.—Statute of Frauds—Debt of Another.**

An undertaking for a sufficient consideration paid to pay the debt of another, is not within the statute of frauds.

**9.—Witness—Contradictory Statements.**

A defendant having denied in his testimony an alleged partnership between himself and his codefendant, pleadings filed by said defendants in a different suit, under oath, are admissible for the purpose of contradicting said defendant though not admissible to prove the partnership.

**10.—Costs—Practice.**

Where an appellant fails to call the attention of the trial court to an alleged error in taxing costs, the matter will not be considered on appeal.

Appeal from the County Court of Harris County. Tried below before Hon. A. E. Amerman.

*Maco & Minor Stewart* and *James B. & Charles J. Stubbs,* for appellant.—Appellant was released from his debts by his discharge in bankruptcy. Baker v. Kennedy, 53 Texas, 205; Jockusch v. Towsey, 51 Texas, 132; Duncan v. Magette, 25 Texas, 245.

National Bankruptcy Act, sec. 14c: "The confirmation of the composition shall discharge the bankrupt from his debts other than those agreed to be paid by the terms of the composition and those not affected by a discharge."

Section 57n: "Claims shall not be proved against a bankrupt estate subsequently to one year after adjudication."

*Bryan & McRae,* for appellee.—The defendant, W. W. Hoskins, was not released by his discharge in bankruptcy from the debt sued upon, because he was acting in a fiduciary capacity at the time of the misappropriation of Bagby's deposit.

Second. Because he was an officer of the Velasco National Bank at the time of the misappropriation of Bagby's deposit.

Third. Because the deposit herein sued upon was not duly scheduled, according to law.

Fourth. Because if there was not such a partnership formed, as represented at the stockholders' meeting of the Velasco National Bank, W. W. Hoskins obtained the Bagby deposit under false pretense, or false representation. United States Rev. Stats., sec. 17, Act of Bankruptcy of 1898; United States Rev. Stats., art. 5902; Jewett v. U. S., 100 Fed. Rep., 833; Central National Bank of Baltimore v. Connecticut Mutual Life Insurance Co., 104 U. S., 54, 73 and 74; In re Monroe, 114 Federal Rep., 398; Waterman Carriage Co. v. Hall, 176 N. Y., 313; Haggerty v. Badkin, 66 Atl. Rep., 420 (N. J.); Frey v. Torrey, 175 N. Y., 501; Harper v. Rankin, 15 Am. Bk. Rep., 608.

In suing a partnership it is necessary to make a partner who has been discharged in bankruptcy a party to the suit, and a State court does not lose its jurisdiction over the person of a bankrupt on account of his having been adjudicated a bankrupt. Miller v. Clements, 54 Texas, 351; Coffee v. Ball, 49 Texas, 16; Manwarring v. Kouns, 35 Texas, 171; Easley v. Bledsoe, 59 Texas, 488.

Written evidence under the statute of fraud is not required where money or other assets have been placed in trust with defendants whereby they assume to pay out of such assets a deposit owing to a third party.

Minutes of a corporation, signed by one member of a partnership, binds all the members of the firm in which said minutes there is some obligation assumed. Span v. Cochran, 63 Texas, 240; Texas Western Ry. Co. v. Gentry, 69 Texas, 625.

McMEANS, ASSOCIATE JUSTICE.—The Velasco National Bank and all its stockholders, A. E. Toebelman, Lewis R. Bryan, A. Blum, M. Lasker, C. F. Hellmuth, Mrs. Janet Miller, F. B. Chilton, Sol Tem, Mrs. A. Bowers, joined by her husband, Albert Bowers, sue W. W. Hoskins, V. E. Hoskins and S. H. Hudgins, alleging that "on the 1st day of March, 1904, when the said Velasco Bank was

placed in voluntary liquidation by the stockholders thereof, it was proposed to the said stockholders of the Velasco National Bank by the said W. W. Hoskins, V. E. Hoskins and S. H. Hudgins that they, the said Hoskins and Hudgins, had formed a private banking firm, known as the Bank of Velasco, for the purpose of succeeding to the business of the said Velasco National Bank, and that if the stockholders of the said Velasco National Bank would turn over its assets and business to the Bank of Velasco, the latter bank would assume the obligation of said Velasco National Bank and pay same to depositors and other creditors and would collect and distribute said assets to the said stockholders of said National Bank without charge therefor to said stockholders. . . ."

That in accordance with resolutions passed, "the stockholders of said bank, on March 1, 1904, did turn over and deliver into the possession of said W. W. Hoskins, V. E. Hoskins and S. H. Hudgins, composing the firm of the Bank of Velasco, all of the assets, money, property and business of the Velasco National Bank . . . to be collected and converted into money and the debts of said Velasco National Bank paid and the balance distributed to the shareholders in said Velasco National Bank. . . .

"That by reason of the premises the said W. W. Hoskins, V. E. Hoskins and S. H. Hudgins became liable to and promised the said Velasco National Bank and other plaintiffs and each and every stockholder of said bank to pay each and every depositor and other creditors of said bank."

"These plaintiffs further say that the said Bank of Velasco and the said W. W. Hoskins, V. E. Hoskins and S. H. Hudgins, composing said firm, became trustees and agents for these plaintiffs for the prompt collection and proper disposition and distribution of the assets and property of said Velasco National Bank, and the said Hoskins and Hudgins aforesaid, for a valuable consideration to them moving from the said Velasco National Bank and the stockholders thereof, to act for and to become trustees and agents for said bank and the stockholders in said Velasco National Bank," etc.

"Plaintiffs further say that the said Bank of Velasco and the said W. W. Hoskins, V. E. Hoskins and S. H. Hudgins, composing said firm, became trustees and agents for these plaintiffs and the other stockholders in the Velasco National Bank and for said Velasco National Bank, for the prompt collection of and proper disposition and distribution of the assets and property of said Velasco National Bank, and the said Hoskins and Hudgins undertook, for a valuable consideration, to act for and become trustees and agents of said bank and the stockholders in said Velasco National Bank for the purpose aforesaid. That one Fred Bagby was at the time a depositor in said Velasco National Bank and a creditor to the extent of $499. That he brought suit and recovered judgment against the Velasco National Bank for the sum of $499, with six percent interest thereon from November 29, 1905, together with costs, which the Velasco National Bank has paid."

Defendant W. W. Hoskins answered by plea in abatement of plaintiffs' cause, setting up his discharge in bankruptcy, attaching

to his said answer the orders and decrees showing the proceedings in bankruptcy and his discharge as a bankrupt in the United States District Court for the Southern District of Texas, at Galveston; by general demurrer and general denial; by answer setting up his adjudication and discharge in bankruptcy.

Plaintiffs filed supplemental petition alleging that the answer of W. W. Hoskins insofar as same pleads a discharge of said Hoskins in bankruptcy from indebtedness sued on herein by plaintiffs, and especially by the plaintiff, Velasco National Bank, shows no discharge from the indebtedness sued on in this cause; by general denial of all allegations in answer of said W. W. Hoskins; and that, as alleged in the original petition, the defendant, W. W. Hoskins, was the cashier and one of the directors of the plaintiff, Velasco National Bank, on March 1, 1904, when said bank went into liquidation; and that said defendant, Hoskins, when he filed his petition in bankruptcy, on April 18, 1905, did not schedule the indebtedness sued on herein in the name of the Velasco National Bank or of any of the individual plaintiffs, but that same was entered on the said schedule in the name of Fred Bagby. Plaintiff averred that the said defendant, W. W. Hoskins, is not discharged from his liability to the plaintiff, the Velasco National Bank, nor to the individual stockholders thereof who are plaintiffs herein, for the following reasons:

"That, as is alleged in plaintiffs' original petition filed herein, at the time the Velasco National Bank was liquidated, this defendant, W. W. Hoskins, together with his codefendants, represented to these plaintiffs that they, the three defendants herein, had formed a partnership, known as the Bank of Velasco, and that they contemplated and would do a private banking business under said name, and that now and since said time the said defendant, and his two codefendants, Hudgins and Hoskins, are claiming now and have claimed that they did not form any such partnership, and these plaintiffs now say that if it be found as a fact upon the trial of this case that no such firm as the Bank of Velasco was formed by the three defendants herein, and if no banking business was conducted or done by said three defendants, under the name of Bank of Velasco, then and in that event these defendants and especially this defendant, W. W. Hoskins, acquired possession of the property of plaintiff, the Velasco National Bank and these stockholders, by false pretense and false representations, and that the money and assets and property of the said Velasco National Bank would not have been delivered over and given into the possession of the said defendants, or either of them, had such representations not been made.

"That said indebtedness herein sued on never was scheduled by said W. W. Hoskins in bankruptcy in the name of either the Velasco Bank or in the name of one or all of the plaintiffs, who are stockholders of said bank, but that the indebtedness was scheduled in the name of Fred Bagby; that Bagby was never a creditor of said Hoskins or the Bank of Velasco, but was a creditor of the Velasco National Bank; that plaintiff had no knowledge of the fact

that said Bagby had refused to transfer his account from the Velasco National Bank to the Bank of Velasco, until the suit was brought against said Velasco National Bank by said Bagby; that the judgment rendered in said suit of Bagby v. Velasco National Bank was paid by said bank on April 24, 1906, and assignment thereof taken in name of L. R. Bryan as trustee; that the money so paid Bagby was out of the assets of the said Velasco National Bank in the hands of said Bryan; that they had no knowledge of the facts concerning the claim of said Bagby until the determination of the said suit of Bagby v. Velasco National Bank, and therefore plaintiffs, or either of them, would not be in any position to prove any claim in bankruptcy against the defendant, W. W. Hoskins.

"That the defendant, W. W. Hoskins, is not discharged from this indebtedness, because the same was created by the fraud and misappropriation of the said W. W. Hoskins while acting in a fiduciary capacity in this:   That he was, at the time of the liquidation of the Velasco National Bank, an officer of said bank and the cashier thereof, and in addition to the facts above alleged concerning his false and fraudulent representations to these plaintiffs to induce them to turn over the assets and property and money of the Velasco National Bank to him and his associates in said Bank of Velasco, these plaintiffs say that this defendant, W. W. Hoskins, became trustee and agent for the said Velasco National Bank and these plaintiffs, . . . and instead of so doing as he promised and agreed . . . this defendant, W. W. Hoskins, misappropriated so much of the funds and money and property of the said Velasco National Bank as amounted to the said sum of $499, which was the deposit of the said Bagby in said Velasco National Bank, and the said W. W. Hoskins has wilfully disposed of the same and wholly defaulted in paying the same over to the said Bagby, as he obligated himself to do when he assumed the position of trustee and agent for these plaintiffs."

Defendant V. E. Hoskins answered by demurrer and exception to plaintiffs' original and supplemental petitions on the ground that same was a misjoinder of parties plaintiff, in that he is sued by the Velasco National Bank and numerous other parties; demurrer and exception on the ground of misjoinder of cause of action, the original petition alleging the cause of action to be founded upon an assumption to pay a debt, and the supplemental petition alleging the cause of action to be a suit to recover moneys alleged to have been obtained by fraud, etc.; plea of limitation; demurrer setting up statute of fraud; general denial; denial of partnership; pleading the adjudication and discharge in bankruptcy of W. W. Hoskins, setting up statute of limitation, statute of frauds, notice of bankruptcy proceedings on behalf of Fred Bagby and plaintiffs in this cause.

Defendant W. W. Hoskins filed supplemental answer in reply to plaintiffs' first supplemental petition as follows:   General demurrer, pleading the statute of limitation of two years and the statute of frauds; general denial; denial of partnership (verified by affidavit); plea of discharge in bankruptcy; plea of limitation; that the claim

of plaintiffs is within the statute of frauds; that plaintiffs and Fred Bagby were scheduled as creditors of the defendant, W. W. Hoskins, in the bankruptcy proceedings in which this defendant was discharged; that plaintiff and Fred Bagby had notice and actual knowledge of the bankruptcy proceedings; that the judgment sued on was obtained by consent or collusion to evade the discharge in bankruptcy.

Plaintiff filed trial amendment, alleging that the facts concerning the failure of defendants to pay amount due Bagby were not known to plaintiff until the filing of said suit by Bagby against plaintiff, and that defendants, who were acting as trustees and agents for plaintiffs, misappropriated said money and property of said Velasco National Bank, which should have been paid to Bagby, to their own use, and that the foregoing facts could not have been ascertained by plaintiffs by any diligence, because all facts were in keeping of defendants, and plaintiffs reposed confidence in them; that the minutes set out in paragraph 2 of plaintiffs' first amended original petition were in writing, and signed by defendants Hoskins and Hudgins, wherein defendants contracted to act as trustees and agents for these plaintiffs.

Plaintiffs' amended petition alleged V. E. Hoskins to be a resident of Galveston County. V. E. Hoskins filed a plea of privilege negativing all statutory exceptions, and plaintiffs agreed that the plea sets up the facts correctly as to his residence in Galveston County, as alleged, and not in Harris County, and that he had not promised in writing to pay this indebtedness in Harris County, and that the jurisdiction of the County Court over V. E. Hoskins depended upon whether W. W. Hoskins was a necessary or proper party to the suit.

The cause was submitted to the court without a jury, and the court overruled the general demurrers and special exceptions of W. W. Hoskins and S. H. Hudgins, and W. W. Hoskins' plea of discharge in bankruptcy; sustained special exception as to misjoinder of parties plaintiff and dismissed as to the individual stockholders; found in favor of defendant, S. H. Hudgins; overruled the plea of privilege and all exceptions of the defendant, V. E. Hoskins, and rendered judgment in favor of plaintiff, Velasco National Bank and against W. W. Hoskins and V. E. Hoskins for $499, with six percent interest from December 19, 1904, making a total of $557.63 at date of judgment; from which judgment W. W. Hoskins and V. E. Hoskins have appealed.

From the evidence introduced on the trial we find the following facts: On March 1, 1904, the stockholders of the Velasco National Bank, by proper resolution, placed the bank in voluntary liquidation, to take effect March 3, 1904. On the same day the stockholders by resolution duly adopted, authorized S. H. Hudgins as president of the bank, and in its name, to convey to W. W. Hoskins "the banking property, including the lots on which the bank is situated, being the west one-fifth of lots 9 to 12, block 13, in Velasco, Texas, together with all furniture and fixtures, safe and stationery," etc. At the same time and as a part of the same resolution it was

"*Resolved,* That whereas, the shareholders of the Velasco National Bank have this day voted to liquidate said bank and the Bank of Velasco contemplates succeeding to the business of the said Velasco National Bank, and will assume all the liabilities of said Velasco National Bank to its depositors and other creditors; it is therefore:

"*Resolved,* That all money on deposit in the Velasco National Bank be delivered to the Bank of Velasco, upon express agreement and understanding that the Bank of Velasco assume the obligations of said Velasco National Bank, and pay same to the depositors and other creditors, and that proper notice be given to the creditors and depositors; also that the Bank of Velasco aid in the collection and distribution of the assets and bills receivable without charge to the shareholders, in consideration of the business of the Velasco National Bank being turned over to the Bank of Velasco.

"*Resolved,* That on the first of each month beginning April 1, 1904, and each month thereafter, there shall be a *pro rata* distribution by the Velasco National Bank of such monies as may be on hand collected from the assets of said bank, in the hands of the Bank of Velasco or of the board of directors of the Velasco National Bank.

"*Resolved,* By the shareholders of the Velasco National Bank, that upon the voluntary liquidation of the affairs of the Velasco National Bank, they do hereby express to the public their appreciation of the honest and satisfactory manner in which the business of this bank has been managed for the past five years by Mr. W. W. Hoskins, cashier, through a most trying time in the history of Brazoria County, whereby the bank will pay its depositors dollar for dollar. And we do hereby commend our successor, the Bank of Velasco, a firm composed of W. W. Hoskins, S. H. Hudgins and V. E. Hoskins, all of whom are well known citizens of Brazoria County, worthy of every confidence of the people."

This resolution was signed by S. H. Hudgins as president, and W. W. Hoskins as secretary of the Velasco National Bank, and was voted upon by said Hudgins, W. W. Hoskins and V. E. Hoskins, who were shareholders in the National Bank, as well as by other shareholders participating in the meeting.

Among the other creditors of the Velasco National Bank at the time it was placed in liquidation was Fred M. Bagby, who had theretofore deposited in said bank $499. Notice of the bank's liquidation was mailed to each of the depositors, but the notice mailed to Bagby did not reach him and was returned to the bank, and there was no evidence that he ratified in any way the action of the bank in turning its assets over to the Bank of Velasco or accepted that bank as his debtor, further than is evidenced by the letter written by him to W. W. Hoskins and hereinafter copied. After the adoption of the resolution above set out, the banking house, furniture and stationery were conveyed to W. W. Hoskins, and the Bank of Velasco at once assumed charge of all the assets of the National Bank and opened its doors for business. On September 2, 1904, W. W. Hoskins made a written report to the shareholders of the Velasco National Bank in which he stated that all the depositors of

that bank, including Bagby, had been paid in full. We find, how-
ever, that Bagby had not, in fact, been paid, as therein reported, but
that this fact was not known to any of the shareholders other than
W. W. and V. E. Hoskins until the spring of 1905, when Bagby
appeared and made claim against the Velasco National Bank for
the amount of his deposit, and this he did not do until after W.
W. Hoskins was discharged in bankruptcy. On November 25, 1905,
Bagby instituted suit against the National Bank of Velasco, recov-
ered a judgment for the amount of his deposit, and this judgment
was paid out of the proceeds of bills receivable which had been
collected by certain of the shareholders of the National Bank. On
April 18, 1905, W. W. Hoskins was, by the United States District
Court, for the Southern District of Texas, adjudged a bankrupt
on his voluntary petition. The schedule of his liabilities showed
the indebtedness to Fred M. Bagby of $499.50 listed among the de-
positors with the bankrupt as a depositor in the Bank of Velasco,
and also showed that the Velasco National Bank was listed as a
creditor for other debts. Afterwards the bankrupt made an offer
of composition with his creditors at fifty cents on the dollar, which
was accepted by a proper number of his creditors, including the
National Bank of Velasco and including also Fred M. Bagby, as
shown by the following letter:

"Alpine, Texas, 7-24-1905.
"Mr. W. W. Hoskins,
    "Dear Sir: I have been advised that an offer of 50 cents on the
dollar has been made by you, and that the majority of the creditors
have accepted. If this is a fact I am willing to settle on the same
basis. Send me a check for the amount due to Alpine, Brewster
County, Texas.                    Yours truly,
                                        F. M. Bagby."

There was no evidence that Bagby proved up his claim in bank-
ruptcy, or that any payment was ever made to him out of the
bankrupt's estate.

On the acceptance of the offer by a majority of the creditors, in
number and amount, the composition was confirmed by the United
States District Court by the following order:

"An application for the confirmation of the composition offered
by the bankrupt having been filed in court and it appearing that
the composition has been accepted by a majority in number and
amount of the creditors whose claims have been allowed and the
consideration and the money required by law to be deposited having
been deposited in the depository designated by the judge of said
court, and subject to his order, and it also appearing that it is for
the best interests of the creditors, and that the bankrupt has not
been guilty of any of the acts or failed to perform any of the duties
which would be a bar to his discharge, and that the offer and its
acceptance are in good faith, and have not been made or procured
by any means, promises or acts contrary to the Acts of Congress,
relating to bankruptcy.—

"It is therefore hereby ordered that the said composition be and the same is hereby confirmed, and it is further ordered that the report of the referee in this matter be and the same is hereby adopted as part of this decree and ordered filed and recorded immediately following this order as part hereof."

The issue as to the existence of the partnership between W. W. Hoskins and V. E. Hoskins was sharply contested, but we find there was sufficient evidence to justify the trial court in finding that they were partners in Bank of Velasco.

It was shown that subsequent to the adoption of the resolution, and before the assets of the Velasco National Bank were delivered to the Bank of Velasco, the former had notice that S. H. Hudgins had declined to become a partner in the latter and was not in fact a partner as was recited in the resolution.

By his first assignment of error, appellant W. W. Hoskins, contending that he had been released from the debt sued on by his discharge in bankruptcy, complains of the action of the court in rendering judgment against him. To meet this contention appellee urges that said Hoskins was not released by his discharge in bankruptcy for the reason that the failure to pay Bagby the amount of his deposit was a misappropriation of the sum left in his hands for that purpose, and that at the time Hoskins was acting as an officer of the Velasco National Bank in a fiduciary capacity; that the deposit sued on in this case was not duly scheduled in the bankruptcy proceedings and that if there was no such partnership formed as recited in the resolution adopted at the stockholders' meeting, above referred to, then W. W. Hoskins obtained the Bagby deposit under false pretense or false representation.

It appears from the evidence that before the assets of the Velasco National Bank were turned over to the Bank of Velasco, the stockholders of the former were advised and knew that Hudgins had refused to enter the partnership, yet notwithstanding such knowledge delivered the assets to the partnership composed of the two Hoskins. Appellee is not in a position, therefore, to complain that it was misled as to the personnel of the partnership insofar as Hudgins is concerned. We have found that the partnership conducting the Bank of Velasco was composed of the two Hoskins only. When it was learned by the stockholders of the Velasco National Bank that Hudgins would not enter the partnership they must have known that the Bank of Velasco would be conducted by the Hoskins, who were the only persons besides Hudgins mentioned in the resolution in which the partnership was referred to, and this being true there were no such false pretense or false representation made by the Hoskins to obtain the Bagby deposit as the discharge in bankruptcy of W. W. Hoskins would not relieve against. Nor do we think that W. W. Hoskins in accepting the assets of the bank and agreeing to pay its debts was acting in a fiduciary capacity. The resolution, when acted on by the Hoskins, became a contract between them and the Velasco National Bank, whereby, in consideration of the assets of the bank being turned over to them, they agreed to pay its debts, and for a breach of which contract they would be respon-

sible to the bank. When Bagby, in the ordinary way, deposited money in the Velasco National Bank, he thereby became its creditor to the amount of his deposit, and the ordinary relation of debtor and creditor arose between them; and he had no right thereafter to demand of the bank the return of the identical money so deposited by him, but only a sum of money equal to that which he had so deposited. The deposit, then, became a part of the assets of the bank, and the assets, composed in part of the Bagby deposit, and not the deposit of Bagby itself, were turned over to the Hoskins; and their agreement was to pay the debt of Bagby out of the assets received by them, not that they would return to Bagby the deposit made by him in the Velasco National Bank.

Nor do we agree with appellee that the debt due Bagby was not properly scheduled by W. W. Hoskins in the bankruptcy proceedings. The Hoskins by assuming and agreeing to pay the debts of the Velasco National Bank had made themselves debtors of Bagby as far as they could do so without his consent. It is shown that both he and the Velasco National Bank were listed as creditors of W. W. Hoskins, but in different amounts. The amount of the Bagby deposit was not a debt due by Hoskins to the bank, because the evidence shows that that amount, together with other assets of the bank, was turned over to the Hoskins in consideration of their promise and agreement to pay the debts of the bank, and if the Hoskins breached the agreement to pay the Bagby debt the bank's action would be upon the breach and not for the identical deposit; hence, not being a debtor to the bank in the sum of the Bagby deposit it would not have been proper to list that amount to it, but should have listed it, as was done, to the creditor, Bagby.

But independent of all these considerations we would still be constrained to hold that W. W. Hoskins was relieved of the debt in question by his discharge in bankruptcy. As before stated, this appellant made an offer of composition, which was accepted by a majority of his creditors in number and amount, Bagby being among those accepting. Under the laws relating to bankruptcy the amount of money necessary to discharge the composition must be deposited in the depositary designated by the court, and the court must find as a fact, before the bankrupt can be discharged, that he, the bankrupt, has not been guilty of any acts or failed to perform any duties which would be a bar to his discharge. In the bankruptcy proceedings in question both Bagby and the Velasco National Bank were before the court, one having accepted the terms of the proposed composition, and the other having proven up its claim against the bankrupt's estate. The court in its decree found that the necessary money had been properly deposited and that the bankrupt had not been guilty of any of the acts or failed to perform any of the duties which would be a bar to his discharge. These findings being essential to the exercise of jurisdiction of the court to discharge the bankrupt, and being the judgment of a court of competent jurisdiction, its judgment was binding on all the parties to that proceeding until properly set aside and can not be collaterally attacked as was undertaken to be done in this case. We

are of the opinion that W. W. Hoskins by his discharge in bankruptcy was relieved from the payment of the Bagby debt and that the trial court .erred in not so holding.

Appellant V. E. Hoskins, by his first assignment, complains of the overruling by the trial court of his plea of privilege to be sued in the county of Galveston, which was the county of his residence.

Whether his contention is correct depends on whether W. W. Hoskins, who lived in the county where the suit was tried, was a necessary or proper party, and this question depends on whether a partnership in the Bank of Velasco existed between them. We have found as a fact that such partnership did exist. On this point the evidence shows that at the time of the adoption of the resolution above copied, wherein it was expressly declared that the Bank of Velasco was a firm composed of Hudgins and the two Hoskins, V. E. Hoskins was present and voted on its adoption and thereafter continued with the new bank and kept its books. He did not at the trial deny his partnership from the witness stand, and indeed the record does not disclose that he was present or that he testified. The only testimony that he was not a partner was given by W. W. Hoskins, who denied positively the existence of the partnership. In contradiction of his testimony it was shown that a newspaper published at Velasco printed a copy of the resolution and several hundred copies of that issue were mailed out from the office of the bank where V. E. Hoskins was engaged, and presumably this was done with his full knowledge and consent; that on August 23, 1904, in a suit pending in the District Court of Brazoria County, W. W. Hoskins filed a sworn pleading setting up the partnership of V. E. Hoskins and himself in the Bank of Velasco, and that in a suit in the Federal Court, at Houston, V. E. Hoskins and W. W. Hoskins filed a joint sworn pleading setting up the fact that they were partners in the Bank of Velasco, and among other things in this connection they alleged: "These defendants would further show that the two defendants, W. W. Hoskins and V. E. Hoskins, had been engaged for some time past in the banking business in the county of Brazoria, in conducting two private banking institutions, known as the Bank of Velasco and the Bank of Angleton, . . . and the said two defendants, W. W. Hoskins and V. E. Hoskins, were under a heavy legal and moral obligation to raise money to pay off and discharge honest debts due by them to their depositors and their other creditors." It is our opinion the evidence justified the trial court's conclusion of the existence of a partnership in the Bank of Velasco between the Hoskins. Being partners, W. W. Hoskins was a proper party to this cause and the suit could be maintained in the county of the domicile of either.

Nor does the fact of W. W. Hoskins' discharge in bankruptcy change the rule. It was a matter for his determination whether he would plead the discharge; and if he relied upon his discharge as a defense to the suit it was incumbent upon him to specially plead and prove it. And whether the debt in question was such a one as was relievable against and whether he had in fact been relieved of its payment was one of the very issues that was tried and

determined in the court below. We apprehend that in a suit for debt against a partnership where the bar of the statute of limitations is complete as to one partner, but because of absence from the State of the other partner the bar is not complete as to him, it would not be seriously contended that the partner as to whom the bar was complete would not be a proper party; and we think that the rule stated in the supposed case would be equally applicable to this. We conclude, therefore, that the court committed no error in overruling the plea of privilege, and the assignment is not sustained.

The second assignment of error of appellant V. E. Hoskins is as follows: "The court erred in overruling defendant's demurrer and exception to the improper joinder of the causes of action in plaintiff's pleading, for this, that plaintiff's claim as alleged in the original petition and its amendments, being for debt assumed by all of the defendants as partners and as a partnership debt jointly owed by all of them, and, as alleged in the supplemental pleading and trial amendment, being a suit to recover moneys alleged to have been obtained by fraud or false representation, for which defendants could not be held jointly and severally liable, nor as partners, the causes of action were inconsistently and improperly joined."

When causes of action are connected with each other or grow out of the same transaction they may be properly joined, and in such suits all parties against whom the plaintiff asserts a common or alternate liability may be joined as defendants. Harris v. Cain, 41 Texas Civ. App., 139.

Applying this principle to the present case it is apparent that there was no misjoinder of causes of action. All the matters complained of grew out of the same transaction; and the plea in the alternative, of the appellee, that if there was no partnership between Hudgins and the two Hoskins that then the appellants acquired its property by fraud and false representations did not make it an independent action in tort, and the filing of the plea was evidently intended to meet the special defense of discharge in bankruptcy. filed by appellant W. W. Hoskins. The assignment is overruled.

By his third assignment appellant V. E. Hoskins complains of the refusal of the trial court to sustain his exception to plaintiff's original petition, in that it appeared therefrom that the claim sued on is barred by the statute of limitation of two years. This assignment is without merit. Appellee's cause of action did not accrue until the Hoskins made default in the performance of their contract to pay Bagby the amount of his deposit, and until the Velasco National Bank paid the same. It was shown by the petition that the suit was filed within two years from the time the Velasco National Bank paid to Bagby the amount of his deposit.

The refusal of the court to sustain V. E. Hoskins' exception to the original petition, that it appeared therefrom that plaintiff's suit is based upon an assumption by defendant to pay the debt of another which, as to said defendant, was not evidenced by writing as required by the statute of frauds, is made the basis of his fourth assignment of error. We do not assent to the proposition that the cause of

action asserted in the original petition was upon such a promise to pay the debt of another as to bring it within the statute of frauds unless evidenced by writing. The petition sufficiently alleges that the consideration for turning over the assets and business of the Velasco National Bank to the Hoskins was the assumption by the latter of the debts of the former including the debt to Bagby. "The statute of frauds can not be successfully invoked in this class of case, for if a person, for a sufficient consideration, undertakes to pay the debt due to another by the party from whom the consideration is received, such undertaking is not within the statute of frauds." Eppstein v. Wolfe, 35 S. W. Rep., 52; Monroe v. Buchanan, 27 Texas, 241; Spann v. Cochran, 63 Texas, 240; Gay v. Pemberton, 44 S. W. Rep., 400. The assignment is overruled.

The admission of the resolution hereinbefore referred to is complained of in appellant's fifth assignment. The resolution strongly tended to show that V. E. Hoskins was a partner in the Bank of Velasco and it was shown that at the time of its adoption V. E. Hoskins was present and voted thereon, and made no objection to its recitals. The testimony was properly admitted.

The sixth, seventh and eighth assignments complain of the admission in evidence, over appellant V. E. Hoskins' objection, of a newspaper publication in which the Bank of Velasco is referred to as a firm composed of Hudgins and the two Hoskins; also to the admission of the answer of W. W. Hoskins in a suit in the District Court of Brazoria County in which said Hoskins, under oath, stated that the Bank of Velasco was a private banking firm composed of himself and V. E. Hoskins, and also to the admission of certain pleadings in a case in the Federal Court in which both W. W. and V. E. Hoskins stated on oath that they were partners in said firm. On the trial in the court below W. W. Hoskins testified that V. E. Hoskins was not and never had been a partner in said firm. The evidence above referred to was admitted for the purpose of contradicting his testimony and was considered by the court for that purpose only, and not as evidence tending to prove the partnership. In this there was no error.

Our findings of fact adversely dispose of appellant's contention asserted in the ninth assignment, to the effect that the court erred in overruling defendant's exceptions to the court's conclusions because the same are contrary to the evidence and the law applicable, in that the evidence shows that V. E. Hoskins was not at any time a partner with W. W. Hoskins in the Bank of Velasco. The assignment is not sustained.

Appellants contend that when the individual shareholders in the Velasco National Bank were dismissed from the suit the cost incurred by reason of their having made themselves party plaintiffs, should have been taxed against them and not against appellants, as was done.

"Appellants failed to call the attention of the trial court to the matter by motion to retax the costs, or in any other manner. Unless some such proceeding is had in the court below this court will not afford relief." Bridges v. Samuelson, 73 Texas, 522; Missouri,

K. & T. Ry. Co. v. Crane, 32 S. W. Rep., 13; Sulphur Springs Ry. v. St. Louis, A. & T. Ry., 2 Texas Civ., 657; Tutt v. Morgan, 46 S. W. Rep., 123.

We have examined the other assignments of error presented by appellant V. E. Hoskins and have found no reversible error in any of them. The judgment of the court below is affirmed as to V. E. Hoskins and reversed as to W. W. Hoskins and judgment here rendered that appellee, the Velasco National Bank, take nothing by its suit against him.

*Affirmed in part and reversed and rendered in part.*