## GUERRA v. GUERRA.

(Court of Civil Appeals of Texas. San Antonio. June 4, 1913.)

1. APPEAL AND ERROR (§ 907*) — PRESUMPTIONS IN SUPPORT OF JUDGMENT.

Where an order overruling a plea of privilege recited that evidence relating thereto was heard, it would be presumed, in the absence of any bill of exceptions or statement of facts, that the evidence was insufficient to establish such plea.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2899, 2911–2915, 2916, 3673, 3674, 3676, 3678; Dec. Dig. § 907.*]

2. DOMICILE (§ 10*)—EVIDENCE.

The issuance of a citation to a county other than that in which an action was brought did not establish that defendant's residence was in the county to which it was issued.

[Ed. Note.—For other cases, see Domicile, Cent. Dig. § 39; Dec. Dig. § 10.*]

3. CONTINUANCE (§ 53*)—PROOF AND EFFECT.

Where an order continuing a case to the next term was made after an order was passed by the commissioners' court changing the time of the next term from August to the intervening June, the continuance was to the June term, although the parties were not apprised of the change in the date of the term.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. § 150; Dec. Dig. § 53.*]

4. APPEAL AND ERROR (§ 288*)—OBJECTIONS IN LOWER COURT—MOTION FOR NEW TRIAL.

While the court should not have tried a case at the term to which it was continued, unless convinced that the parties knew of the change in the time of holding such term, the judgment entered upon such trial could not be complained of, where the complaining party did not move for a new trial during the term, or to set aside the judgment after the term on a showing of the reasons for his absence from the trial, and that his defense was meritorious.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1673, 1676–1679; Dec. Dig. § 288.*]

5. APPEAL AND ERROR (§ 239*)—TAXATION—REVIEW ON APPEAL.

The allowance to witnesses of certain fees and mileage could not be reviewed on appeal, where it was not called to the attention of the trial court by a motion to retax the costs, or otherwise.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 239.*]

Error to Brooks County Court; J. A. Brooks, Judge.

Action by Arcadio Guerra against Francisco B. Guerra. Judgment for plaintiff, and defendant brings error. Affirmed.

Pope & Taylor, of Corpus Christi, for plaintiff in error. T. Wesley Hook, of Falfurrias, for defendant in error.

MOURSUND, J. Defendant in error sued plaintiff in error in justice court of precinct No. 1 of Brooks county upon a verified account showing a balance due of $162.07. Plaintiff in error interposed a plea of privilege, which was overruled, and judgment entered in favor of defendant in error. After appeal to the county court defendant in error, on May 20, 1912, again presented his plea of privilege,

which was again overruled. On May 21, 1912, he filed his original answer, consisting of exceptions and a denial of each item of the account, but such answer was not sworn to. The case was then continued until the next term of court. At the May term of the commissioners' court, 1912, an order was entered changing the time for holding the county court, fixing the next term as beginning on the 3d Monday in June, instead of August. The date when such order was made is not disclosed. On June 26, 1912, the case was called for trial, and defendant did not appear; whereupon the issues were submitted to the court, and he rendered judgment for defendant in error for the amount for which judgment had been rendered in the justice's court. The term closed on June 29, 1912, and on Jan. 9, 1913, petition for writ of error was filed.

[1] The first and second assignments complain of the overruling of the plea of privilege. The order overruling the plea of privilege recites that evidence relating thereto was heard. There is no statement of facts in the record, and while certain letters are copied in the transcript, two of which were filed on the date of such order, yet we have no means of knowing that other evidence was not introduced. There being neither a statement of facts nor a bill of exceptions, it will be presumed that the allegations of his plea of privilege were not established by the evidence. Railway v. Shivel & Stewart, 114 S. W. 196; Mangum v. Lane City Rice & Milling Co., 95 S. W. 605; Houston Rice Milling Co. v. Swinney, 45 Tex. Civ. App. 303, 100 S. W. 204; Railway v. Cock, 51 S. W. 354; Hopson v. Caswell, 13 Tex. Civ. App. 492, 36 S. W. 312; Graves v. Bank, 77 Tex. 555, 14 S. W. 163.

[2] Plaintiff in error contends that from defendant in error's pleadings it is clear that plaintiff in error was not a resident of Brooks county, and did not agree in writing to pay the debt in Brooks county. There is no admission in the pleadings that plaintiff in error was a resident of Duval county; nor does the issuance of a citation to Duval county establish such fact.

The pleading filed by defendant in error on May 20, 1912, contains certain allegations by which it was sought to avoid the force of proof that plaintiff in error resided out of the county, should such proof be made; but such allegations cannot be construed as an admission supplying the want of proof of such nonresidence, and in support of the judgment of the court it must be presumed that the evidence did not sustain the allegations of the plea of privilege. The assignment is overruled.

[3] The third assignment complains because judgment was rendered at the June term, in the absence of plaintiff in error and his counsel; the contention being that, as

plaintiff in error was not apprised of the change of term, the case should have been continued to a term beginning subsequent to the term to which the case went over at the previous term. The commissioners' court made the order at the regular May term, 1912. Said term began on the second Monday, which was the 13th of May, and ended within one week from said date. No order appears in the record continuing the case after the overruling of the plea of privilege, but such continuance was taken either on May 20, 1912, the date on which the plea of privilege was overruled, or thereafter. This continuance was to the June term, as the order of the commissioners' court changing the terms had been previously passed. Harper v. State, 43 Tex. 431; Bond v. Rintleman, 24 Tex. Civ. App. 298, 59 S. W. 48.

[4] While the court should not have tried the case, unless convinced that the parties knew of the change of the time of holding court, yet the judgment entered upon such trial, we think, should be put upon the same footing as any other judgment rendered against a party, where for reasons which he could not help he was unable to be present at the trial. In such cases, by a motion for new trial during the term, or an action to set aside the judgment, brought after the term, the party by showing the reasons why he was absent from the trial, and showing that his cause of action or defense was meritorious, can have the judgment set aside. Jordan v. Brown, 94 S. W. 398; Robbie v. Upson, 153 S. W. 406. In this case, although defendant in error appeared at the following term of court and filed an application to have the orders entered in this case corrected, and succeeded in his efforts, yet he did not see proper to file any application to have the judgment set aside. Under the circumstances he is not in position to complain of the judgment, and we therefore overrule the assignment.

[5] The remaining assignment complains of the allowance to witnesses of certain fees and mileage. Appellant failed to call the attention of the trial court to this matter by motion to retax the costs, or otherwise, and we therefore can give no relief. Valentine v. Sweatt, 34 Tex. Civ. App. 135, 75 S. W. 385; Castro v. Illies, 11 Tex. 39; Hoskins v. Bank, 48 Tex. Civ. App. 246, 107 S. W. 605; Salt Co. v. Blount, 49 Tex. Civ. App. 138, 107 S. W. 1165.

The judgment is affirmed.