REID, Judge.
This is a garnishment brought by the Blue Bonnet Creamery against Gulf Milk Association, Inc., in Tangipahoa Parish under and by virtue of a judgment rendered in St. Tammany Parish in the matter entitled Blue Bonnet Creamery, Inc. v. Denis E. Simon Jr., La.App., 136 So.2d 443, No. 16404 on the docket of St. Tammany Parish.
The defendant, Simon, had filed a petition in bankruptcy on February 24, 1960 listing this plaintiff as a creditor. The Referee in Bankruptcy on April 13, 1960 issued an order from the bankruptcy court for Blue Bonnet Creamery to show cause why the garnishment should not be dissolved. In the hearing on the Rule the plaintiff’s attor *446 ney offered in evidence Simon’s discharge and upon joint agreement by the counsel Blue Bonnet Creamery, Inc., Simon, and Gulf Milk Association, Inc., an order was issued from the bankruptcy court for the Gulf Milk Association, garnishee, to continue deducting 20% of Simon’s salary and to hold the same in escrow pending determination by the 21st Judicial District Court on the dischargeability of the debt. The matter was before the court on a Rule to show cause why the garnishment proceeding should not be dissolved and why the debt as reduced to judgment in suit No. 16404, St. Tammany Parish was not discharged under the general dischargeability in bankruptcy granted Mover, Simon, on July 11, 1960.
This case is predicated upon the judgment rendered in Blue Bonnet Creamery, Inc., against Denis E. Simon Jr., No. 16404. In as much as the court has reversed that portion of the judgment in so far as the question of fraud is concerned the issues in this case are thereby disposed of.
The court particularly cites Hoskins v. Velasco National Bank, 48 Tex.Civ.App. 246, 107 S.W. 598 which holds that in order to prevent discharge of a claim based upon alleged fraud it is necessary creditor should not have actual knowledge or notice of the falsity of the representation made to him. In the Simon case this court held that under the circumstances peculiar to that situation the creditor should be charged with knowledge that the checks were worthless and therefore may not plead to false representation in bar of his debtor’s discharge.
For these reasons it is ordered that the judgment of the lower court be reversed and that the garnishment proceedings filed by the plaintiff be dismissed at plaintiff’s costs.
It is further ordered that all funds held in escrow be delivered to the defendant, Denis E. Simon Jr.
Reversed.