HANNAH WALKER v. SAMUEL WALKER.

On a plea in abatement, that the defendant was not sued in the county of his residence, the issue to be determined is, was the residence of the defendant in the county in which the suit was brought, at the time of its institution?
See evidence in this case, which, though conflicting, did not sufficiently preponderate against the verdict, to require it to be set aside.

APPEAL from Gonzales. Tried below before the Hon. Fielding Jones.

Suit by appellant, for divorce. The petition was filed August 26th, 1857. Appellee pleaded to the jurisdiction of the court, that he was not a resident of said county, at the time of the filing of plaintiff's petition, &c. The evidence, upon the trial, was as follows: McGill, witness for defendant, was asked if defendant was a resident of Gonzales county, on the 26th of August, 1857, to which witness answered, I think not. Upon cross-examination, witness said that, on the 27th of August, 1857, he had a transaction of business, which fixed his mind to

that date, and the defendant had then been living in Moulton, Lavaca county, one, two, or three days. Did not know whether he had moved all of his effects; had moved some. Witness thought defendant's negroes were still in Gonzales county; had been hired to work on a meeting house. It was some three or four miles from defendant's place, in Gonzales county, to Moulton. Witness said he was confident defendant had moved, at the time of filing this suit.

Leazea, witness for defendant, (and his brother in law) being asked if defendant was a resident of Gonzales county, at the date of the filing of this suit, viz., 26th August, 1857, answered, I think not; I am confident, he had moved before that time. Upon cross-examination, witness said, his mind was directed and fixed by a circumstance that occurred on the 29th August, 1857, and that, recollecting back from that time, he was confident defendant had been living four or five days in Moulton; that when defendant moved to Moulton, he requested witness to assist him to unload his waggon; that he did so, but did not remember the precise day, save by the circumstance that occurred on the said 29th of the month. Here defendant rested.

Fuller, witness for plaintiff, testified that he came to town (Gonzales) on the 26th, with the father of plaintiff, when the suit was brought; that it was some twenty miles from where the parties lived to Gonzales; that he was deputized to serve the writ or citation on the defendant, by the sheriff; that he went to his house the next day, the 27th of August, 1857; that there was no one there; the door of the house was open, and there was a bundle, which looked to be dry goods, on the floor; there were fresh waggon tracks in the yard, as if a party had recently moved off; that on the 26th, also on the 27th, two of defendant's negroes were under his charge, working on a meeting house in the neighborhood; that they did not go home till after the 27th. Upon cross-examination, he said, he could not say positively when the waggon tracks that were in the yard were made; might have been a day, or two days before.

Ford, witness for plaintiff, said, he went to defendant's house,

in Gonzales county, on Thursday, the 27th August, 1857 ; that he went there for the purpose of trading for a waggon; that when he got there, defendant was loading a waggon with his goods and effects ; that defendant told witness that his wife, Hannah, had left him, and that his brother, Smith Walker, had come with his waggon to move him to Moulton. Upon cross-examination, witness said he knew that it was the 27th, because it was Thursday of that week; and upon looking at the almanac, he knew that it was the 27th. Being asked if he knew of no other circumstance that could fix it in his mind, he said yes; but when asked to state it, remained silent.

Baker, witness for plaintiff, (her brother) testified that, on the 25th of August, 1857, he had been out hunting cows; that he called by the house of plaintiff and defendant, when going home to his father's; that neither plaintiff or defendant were there ; that some of the negroes were there, and all their goods and effects ; that he saw no evidence of any moving ; that when he got home to his father's, he found the plaintiff there ; that she had left her husband that day ; and that the next day he came to town, and had the suit for divorce filed.

*T. M. Harwood*, for appellant.

*Mills* and *Batchelor*, for appellee.

Roberts, J. The charge of the court, presented correctly to the jury the question at issue,—in which county, was the "residence of the defendant, at the institution of the suit ?"

The evidence is conflicting, and does not sufficiently preponderate against the verdict, to require us to set it aside. The judgment is affirmed.

Judgment affirmed.