SMITH GRAVES ET AL. V. FIRST NATIONAL BANK OF BONHAM.

No. 6684.

1.  **Venue in Justice Court.**—Makers of a promissory note for a sum within the jurisdiction of the Justice Courts are subject to the jurisdiction of a justice of the peace within the precinct of the payee who endorsed such note in suit against him as endorser and the makers of the note; so also if the note is payable to bearer.

2.  **Plea in Abatement.**—Such makers pleading to the jurisdiction of the justice in the precinct of the endorser when he and they are sued do not present a sufficient plea unless the jurisdiction over the endorser be also denied.

3.  **Practice— Plea in Abatement.**—The plea in abatement, even if good, is not a defense unless supported by evidence.

APPEAL from Fannin.   Tried below before Hon. D. H. Scott.
The opinion states the case.

*Charles D. Grace,* for appellants. — 1.   The instrument sued on being payable to R. H. Taylor or bearer, is not a bill of exchange or a promissory note payable to order, but simply a promise to pay to bearer, and did not require an endorsement to give it currency.   Rev. Stats., art. 1556; Brown v. Bouldin, 18 Texas, 431.

2.   When a note is endorsed in blank and held as collateral security, and same is attacked in hands of holder, he most show that he is such holder for value and is suing for his own benefit.   Land Co. v. Carroll & Iler, 63 Texas, 48; Blum v. Loggins, 53 Texas, 121; Banking Co. v. Turnley, 61 Texas, 365; Kaufman v. Robey, 60 Texas, 308; Bank v. Seymour, 31 N. W. Rep., 140.

3.   Appellants having pleaded failure of consideration under oath, it was necessary that plaintiff show itself to be the true owner in good faith for valuable consideration, or that it held the same as collateral security for money actually advanced to the true owner and before same became due, and that it had no actual notice, direct or indirect, of such failure of consideration, before a recovery could be had by plaintiff against appellants on said instrument.   Rev. Stats., art. 1265; Barnett v. Logue, 29 Texas, 282; 55 Texas, 549; Bank v. Seymour, 31 N. W. Rep., 140; Riddeck v. Michler, 2 So. Rep., 698.

*Taylor & Galloway*, for appellee. — 1.   When there are two or more defendants residing in different precincts the suit may be brought in any precinct where any one of the defendants reside.   Rev. Stats., art. 1198.

2.   Where the want of consideration is set up as a defense to a note the production of the note is prima facie evidence of the consideration, which, if not rebutted, is sufficient to maintain the plaintiff's case.   Solomon v. Henry, 1 N. C., 265.

ACKER, PRESIDING JUDGE.— The First National Bank of Bonham brought this suit in the Justice Court of Precinct No. 1 of Fannin County against Smith Graves and James W. Graves as makers and R. H. Taylor as endorser, on a promissory note for $150.   The defendants Smith and James W. Graves pleaded that they were residents of Precinct No. 3, and claimed their privilege of being sued in that precinct; they also pleaded that the note sued on was the property of R. H. Taylor and not the property of plaintiff, and that the consideration for which the note was given had failed.   These pleas were sworn to by both defendants Graves.   The trial in the Justice Court resulted in judgment for plaintiff, from which the defendants Graves appealed; and the trial without a jury in the District Court also resulted in judgment for the plaintiff, from which the defendants Graves prosecute this appeal.

The record contains no statement of facts or conclusions of the trial court.

It appears from a bill of exceptions that on the trial plaintiff offered in evidence the note sued on, and rested.   Whereupon the defendants demurred to the evidence, and the court overruled the demurrer and rendered judgment for the plaintiff.

The first assignment of error is:   "The court erred in not sustaining the plea of defendants to the jurisdiction of the court, for that in the sworn plea of defendants they showed that they are residents of Precinct No. 3, Fannin County, Texas, and this suit was had in Precinct No. 1, Fannin County, Texas; the note sued on being payable to R. H. Taylor or bearer, and was not such an instrument as by a simple endorsement thereon by said R. H. Taylor would give jurisdiction to the Justice Court of Precinct No. 1 of Fannin County, Texas."

In disposing of this assignment it would probably be sufficient to say that it does not appear that any evidence was offered to sustain the plea of privilege.   The mere averment of facts without proof of them is insufficient to found a judgment upon.   Upon inspection of the plea, however, we find that it does not negative the fact of defendant Taylor's residence in the precinct where the suit was brought.   In the absence of both a statement of facts and findings by the court, we must presume that the facts were shown which gave the court jurisdiction.   Taylor's endorsement on the note constituted a contract between him and the en-

dorsee or any person who might acquire title to the note that he would pay it upon failure to realize the money due on the note from the makers, and this contract was none the less valid and binding upon Taylor because the note was payable to bearer and his endorsement was in blank.

The second assignment of error is: "The court erred in not sustaining the demurrer of defendants to the evidence as shown by bill of exceptions No. 1 filed in this cause. The plaintiff read in evidence the note sued on in said cause and rested the case, offering no other evidence, to which evidence defendants demurred and same was overruled by the court."

The defendants offered no evidence at all, and the note was sufficient evidence to sustain the judgment in favor of plaintiff.

Our attention has not been called to any matter that would justify reversal, and we are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted June 3, 1890.