A. H. HOPSON, JR., v. D. H. CASWELL.

Delivered April 15, 1896.

**1.   Venue—Suit Against Defendant Whose Residence is Unknown.**

Under Revised Statutes, 1895, article 1194, providing that a defendant whose residence is unknown may be sued out of the county of his residence, such suit may be properly brought in the county of plaintiff's residence, and is not invalidated by the fact that it is afterwards discovered that plaintiff resides within a given county in the State.

**2.   Same—Burden of Proof—Diligence to Discover Residence.**

Where a defendant is sued out of the county of his residence, on the ground that his place of residence is unknown, and he pleads in abatement alleging his residence to be in a county in this State, the burden of proof is upon him on the hearing of

such plea to show that the place of his residence was known to the plaintiff at the time of filing suit, and it is not incumbent upon plaintiff to first show that he used diligence to discover his residence.

APPEAL from Ellis.    Tried below before Hon. J. E. DILLARD.

*F. M. Cunyus,* for appellant.

*West & Cochran,* for appellee.

FINLEY, ASSOCIATE JUSTICE.—This suit was instituted by A. H. Hopson, Jr., December 18, 1894, against D. H. Caswell, to recover $15,000 damages for personal injuries sustained while plaintiff was engaged as a laborer and employe of defendant in the erection of an oil mill in Caldwell, Burleson County, Texas.    The injuries were alleged to have been caused by the negligence of the defendant, etc.    The petition alleged the residence of plaintiff to be in the county where suit was filed, Ellis, and the residence of the defendant to be unknown, and prayed for citation by publication, which was had.

The defendant Caswell, in due order of pleading, filed his plea in abatement, alleging that he resided in the County of Travis, State of Texas, and resided there at the time suit was brought, and for a long time prior thereto, and that his residence was not unknown to plaintiff at the time of the institution of the suit, and claimed the privilege of being sued in the county of his residence.

The issue raised by the plea in abatement was tried by the court below, the plea sustained and the suit of plaintiff dismissed.    From this judgment of dismissal plaintiff has appealed, and assigned as error the action of the court in sustaining the plea and dismissing the suit.    This is the only question presented for our consideration and decision upon this appeal.

Upon the trial of the plea, the evidence introduced by the defendant established that he resided in Travis County, Texas, at the date of the institution of the suit, and had resided there for nearly a year previous to the bringing of the suit.    It was shown that he was engaged in the business of erecting oil mills, and went from place to place as his business demanded.    His evidence did not show that plaintiff knew of the place of his residence, or that it was so notorious that he should have known it.

The plaintiff produced evidence showing, that before the institution of the suit his attorney made an unsuccessful effort to ascertain certainly the place of defendant's residence.    The information which his inquiries elicited, tended to the conclusion that he resided in the city of Nashville, State of Tennessee.

Did this state of facts justify the action of the trial court in deciding against its jurisdiction and dismissing the suit?    Article 1194 of our Revised Statutes (1895) prohibits persons from being sued out of the county in which they have their domicile.    There are a number of ex-

ceptions to this general rule made by the statute, among them this one: "Where the defendant or all of several defendants reside without the State, or where the residence of the defendants is unknown, in which case the suit may be brought in the county in which the plaintiff resides."

Article 1235 provides that, "Where any party to the suit, his agent or attorney, shall make oath at the time of instituting the suit, or at any time during its progress, that the party defendant is a non-resident of the State, or that his residence is unknown to the affiant, citation shall be issued and served by publication," etc.

The fact that the residence of the defendant is unknown, is made by the statute a jurisdictional fact; and when this fact is made to appear by the oath of the plaintiff, his agent or attorney, citation is authorized to be issued and published, which brings the defendant into court. The legislature had authority to provide that its citizens could be sued in any county of the State, and prescribed the mode of notice to be by publication. The exceptions to the general rule that persons shall be sued in the county of their residence, therefore, rest upon the same authority, and are of the same force and effect, as the general rule itself. If the fact existed, as alleged and sworn to at the time of the institution of the suit, that the residence of the defendant was unknown to the plaintiff, the court had jurisdiction of the suit, and subsequent developments in relation to the defendant's residence could not defeat the jurisdiction. Whiting v. Briscoe, Dallam, 540; Brown v. Boulden, 18 Texas, 431; Walker v. Walker, 22 Texas, 331; Kuteman v. Page, 3 Court Apps. (Willson), 164-5. The cases cited are authority to the effect that the conditions existing at the time of the institution of the suit must determine the jurisdiction.

The plea in abatement does not raise the issue, in this case, as to the place of defendant's residence at the date of bringing the suit. The issue presented is, was the place of his residence unknown to plaintiff at the time the suit was filed? The want of knowledge on the part of plaintiff as to defendant's place of domicile was the statutory jurisdictional fact alleged and sworn to, and it is the truth of this alleged fact which is brought in question by the plea in abatement.

It is not enough that the alleged ground of jurisdiction is denied by the plea in abatement; the plea must be followed up and sustained by proof, or it will be unavailing. The burden of sustaining the plea was upon defendant. The evidence must have shown that the jurisdictional ground relied upon did not exist. This might have been proved as almost any other fact, by either positive or circumstantial evidence. As has already been stated, it was clearly shown that defendant's residence was in Travis County, but it was not shown that the fact was so generally known as to authorize the inference that the plaintiff knew it. On the contrary, the fact of his residence was shown by the defendant himself, and those intimately associated with him; and that evidence showed that he had resided there less than a year, and that he had been

going from place to place building oil mills. We have been cited to no case, and have found none in our investigation, which determines the exact question here presented. The cases to which we have been cited, with one exception, are those where the issue was the place of residence; and the plaintiff having alleged one place of residence, and the plea in abatement asserting another and different place. The case of Kuteman v. Page, supra, is one where the ground of jurisdiction relied upon was the fact that the residence of the defendant was unknown. In that case the defendant offered no evidence to sustain his plea, while the plaintiff affirmatively showed that he did not know defendant's residence after diligent effort to ascertain it. In that case the court said that it was not aware that it had ever been decided whether the plea in abatement proved itself, but expressed the opinion that it only established prima facie the facts stated in the plea. We are of opinion that it only raised the issue, and that it required proof to sustain it. In this position the cases of Robertson v. Ephraim, 18 Texas, 124, and Graves v. Bank, 77 Texas, 555, sustain this contention. See also 1 Enc. Plead. and Prac. 32, where it is said, "the burden of sustaining the plea rests on the defendant." This rule would seem to be specially called for where, as in this case, the jurisdictional fact had been previously verified by plaintiff in accordance with statutory requirement. The Kuteman case sustains the jurisdiction, but furnishes no special light to us in this case.

Appellee's counsel urge that it was incumbent upon plaintiff to show upon the trial by positive testimony that at the time of the institution of the suit he had used due diligence to ascertain defendant's residence, and had been unable to do so. The statute is plain in its terms, and it does not make this requirement. Had the statute provided that when the residence of the defendant is unknown, after due diligence to ascertain it, suit may be brought in the county of plaintiff's residence, then the contention would be sound. For a court to make this requirement, would be to add to the terms of the statute something more than was made necessary by the legislature to invest the court with jurisdiction. We think it wise that the statute was enacted as it is, for if the diligence clause had been added, the grounds of jurisdiction would have been left uncertain, depending upon the verdict of a jury in each given case, as to whether the facts proven showed diligence. As the statute stands, when the plaintiff in fact does not know the county of the defendant's residence, a place is pointed out to him by law where he may bring his suit and cause the defendant to be cited to appear and answer, by swearing that the defendant's residence is unknown to him. If upon trial it should be shown, the issue being properly raised, that the plaintiff had acted in bad faith, and that he in fact was not ignorant of the defendant's place of residence, the jurisdiction should not be sustained. While it is the settled policy of our State that its citizens, as a rule, shall be sued only in the counties in which they reside, exceptions to that rule are provided for, and those exceptions should not be so treated

by courts as to render them dangerous snares to the litigant who in good faith follows the statute and files his suit in a court fairly embraced within one of the exceptions.

We are of the opinion that the court below erred in sustaining the plea and dismissing plaintiff's suit, and that the judgment should be reversed and the cause remanded for a trial upon its merits.

*Reversed and remanded.*