## SCAEIF v. CROFFORD.

(Court of Civil Appeals of Texas. Dallas. April 27, 1912.)

1. VENUE (§ 72*)—HEARING AND DETERMINATION—SUFFICIENCY OF EVIDENCE.

Evidence in an action where defendant pleaded privilege to be sued in the county of his residence *held* insufficient to sustain a finding that defendant's residence was unknown to plaintiff at the commencement of the action.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 127; Dec. Dig. § 72.*]

2. VENUE (§ 72*)—PLEA OF PRIVILEGE—BURDEN OF PROOF.

A defendant who pleads privilege to be sued in the county of his residence has the burden of establishing the averments of his plea.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 127; Dec. Dig. § 72.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by G. L. Crofford against A. C. Scaeif. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Wood & Wood, of Dallas, for appellant.

RASBURY, J. Appellee sued appellant in justice court, Dallas county, Tex., to recover $125 for certain commissions claimed to be earned by appellee in effecting an exchange of property between appellant and another. Appellee prevailed in the justice court as well as the county court, whence the case was taken on appeal from the justice court.

Appellant in his appeal to this court, by his first assignment of error, complains of the action of the county judge in placing upon appellant the burden of establishing the allegations of his plea of privilege, and by his second assignment of error complains that the testimony adduced upon trial of his plea of privilege does not support the finding of the jury. Appellant's plea of privilege was in all respects in compliance with law and alleged the residence of the defendant to be in precinct 1, Bexar county, Tex., negativing at the same time all other facts that would confer jurisdiction on the county court. Appellee, upon appeal of the case to the county court, reduced his pleadings to writing, and in reference to appellant's plea of privilege alleged by his first amended original petition "that plaintiff resides in Dallas county, Tex., and that defendant's residence was unknown to this plaintiff, and that he had no accessible way of obtaining knowledge of where the defendant resided at the time of the institution of this suit." Under this pleading of appellee and upon appellant's plea of privilege, evidence was adduced, and the question of whether appellant's residence was unknown to appellee was by the county judge submitted to the jury, which returned a verdict against the plea of privilege, upon which judgment was accordingly entered.

The appellant, on trial of his plea of privilege, testified: "My name is A. C. Scaeif, my age, 44 years; place of residence, * * * San Antonio, Tex., Bexar county. On the 28th day of September, A. D. 1910, I resided in Bexar county, Tex., and did not reside in Dallas county, Tex. I have resided in Bexar county, Tex., justice precinct No. 1, at all times since September 28, 1910. I have not resided in Dallas county, Tex., at any time since September 28, 1910. I am not an executor, administrator, or guardian, and have not been since September 28, 1910, nor on that date, of any guardianship or administration pending in Dallas county, Tex. I did not at any time enter into any kind of a contract, either written or oral, in person or by agent, promising to pay any commission or fees for services rendered in Dallas county or any other place to G. L. Crofford for him to sell or trade for me any property of any kind or character. I never promised or agreed that he should have any compensation in any matter whatsoever. I am not now, and never have been, the owner of any steamboat or any other vessel. For the five years last past I have resided in Bexar county, Tex. I am and have been married for 15 years, and my family consists of a wife and five children. All the time for the past five years my family have resided at No. 623 Jackson street, San Antonio, Bexar county, Tex. I have never at any time resided in Dallas county, Tex. I told Mr. G. L. Crofford of Dallas that my residence was in San Antonio, Tex., and that I resided with my family in San Antonio, Tex., for more than five years last past. I thus informed him about the 24th day of September, 1910, and also told him the same some time last summer. I was in Dallas, Tex., on the 23d and 24th days of September, 1910, and there remained until the 29th day of September, 1910." Appellee on the hearing of the plea of privilege testified: "I live in Dallas, Tex. At present I am working for Sanger Bros., merchants. I am the plaintiff in this case. I know the defendant, A. C. Scaeif, and also knew him in Dallas in 1910, having met him at the Southland Hotel, at which time I talked with him in reference to some property he owned, about which property he solicited my services in the sale of said property. At the time this suit was filed, I did not know the place of residence of the defendant Scaeif. The first time I ever met him was in the office of Mr. Adams, where I was working at the time, and we had talked about different trades, but I never had closed a trade with him before the one in question here. He was at Adams' office two or three times to see if we had any property

to trade or sell. I met him in McKinney along in June or July last year. He owned this Acme Steam Laundry at the time this deal in suit was made, but I don't know whether he owned it the other times I met him or not."

[1] After carefully considering the foregoing testimony, we have reached the conclusion that it fails to sustain the finding of the jury, and that the case ought to be reversed and remanded for another trial. Appellant testified that on two separate occasions he informed appellee of his place of residence. This is not contradicted by appellee or any other witness in the case, and for that reason we are unwilling to permit the finding of the jury on the plea of privilege to stand, at least not until appellee's information relating to the residence of appellant is more fully developed.

[2] We overrule appellant's first assignment of error, which asserts that the court erred in charging the jury that the burden was upon the appellant to establish the averments of his plea of privilege. The charge presented the rule correctly. Hopson v. Caswell, 13 Tex. Civ. App. 492, 36 S. W. 312.

Reversed and remanded.