RAGLAND v. GUARANTEE LIFE INS. CO.

(Court of Civil Appeals of Texas. San Antonio. June 4, 1913.)

1. PLEADING (§ 111*)—PLEA OF PRIVILEGE—OPERATION AND EFFECT.

A sworn plea of privilege in statutory form is not prima facie proof of the facts alleged, and other proof of the facts must be in-

troduced to sustain it, unless such facts are revealed on the face of plaintiff's pleading.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 234–236; Dec. Dig. § 111.*]

**2. PLEADING (§ 111*)—PLEA OF PRIVILEGE—EVIDENCE.**

The failure of plaintiff to rebut by evidence the allegations in defendant's sworn plea of privilege in statutory form is not an admission of the facts alleged in the plea, for the burden is on defendant to sustain the allegations by evidence.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 234–236; Dec. Dig. § 111.*]

**3. PLEADING (§ 111*)—PLEA OF PRIVILEGE—TRANSFER OF CAUSE.**

The court sustaining a plea of privilege must as required by Acts 30th Leg. c. 133, transfer the cause to the proper county, and may not dismiss it.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 234–236; Dec. Dig. § 111.*]

Appeal from Nueces County Court; Walter F. Timon, Judge.

Action by W. H. McCracken against Thomas Ragland and another, in which the Guarantee Life Insurance Company was made a party. From a judgment sustaining the plea of privilege interposed by the Guarantee Life Insurance Company, and dismissing the cause as to it, defendant Thomas Ragland appeals. Reversed and remanded.

Dougherty & Dougherty and B. D. Tarlton, Jr., all of Beeville, for appellant.

TALIAFERRO, J. This is a suit on a promissory note brought by W. H. McCracken, alleged to have been a bona fide purchaser, against T. H. Ragland, and I. H. Moore, and to which appellant Ragland answered, pleading a general demurrer and a general denial, and pleading further a failure of consideration, and praying that the appellee, Guarantee Life Insurance Company, be made a party in the cause, and that in the event judgment should be had against him that he have judgment over against the Guarantee Life Insurance Company. He alleged, as a cause of action, against the Guarantee Life Insurance Company, the following facts: (1) That the note was executed in payment of an insurance policy on the life of his minor son; that the policy for which the note was given was never delivered; that the execution of the note was secured through fraud, misrepresentation, and deceit of I. H. Moore, who at the time was acting as a duly authorized agent of the appellee, the Guarantee Life Insurance Company; that the fraud and deceit were committed in Nueces county; and that the policy was to be delivered there, and that the cause of action, or a part thereof, accrued in Nueces county. The defendant, Guarantee Life Insurance Company, in answering filed a plea of privilege to be sued in the county of its domicile, namely, Harris county, Tex., and alleged that none of the exceptions to the exclusive venue act existed in this case. Upon a

trial, without any evidence having been heard to support or to oppose it, the court sustained the appellee's plea of privilege, and dismissed the cause as to the Guarantee Life Insurance Company.

[1, 2] This was error. The rule is now established in this state that the sworn plea of privilege in statutory form is not prima facie proof of the facts alleged in the plea and other proof of the facts so alleged must be introduced to sustain the plea unless such facts are revealed upon the face of plaintiff's pleading. Nor is the failure of the plaintiff in such case, to rebut the allegations in the plea by evidence, to be taken as an admission of the facts set out in the plea of privilege, as the burden is upon the one urging the plea to sustain it by evidence. Tex. & Ft. S. Ry. Co. v. Shivel, 114 S. W. 196; Railway v. Cock, 51 S. W. 354; Graves v. Bank, 77 Tex. 555, 14 S. W. 163; Mangum v. Lane City Rice Milling Co., 95 S. W. 605; Rice Milling Co. v. Wilcox, 45 Tex. Civ. App. 303, 100 S. W. 204; Witherspoon v. Duncan, 131 S. W. 661, and cases there cited.

[3] It was also error for the court, having sustained the plea of privilege, to dismiss the case. The proper practice would have been, had the plea been properly sustained, to transfer the case to the county where the venue properly lay. Chapter 133, Acts 30th Leg.; Luter v. Ihnken, 143 S. W. 675; El Campo Water & Light Co. v. El Campo Light & Ice Co., 150 S. W. 259.

[4] This error, if standing alone, would not be sufficient to reverse the case as this court would have the power to enter the order transferring the case to the proper tribunal for trial, and the court's attention is called to the error for his guidance in future trial of the case should the evidence reveal that the venue of the suit against appellee lay in another county.

For the errors above mentioned, the judgment of the lower court is reversed and the cause remanded.