J. M. RADFORD GROCERY CO. v. FLYNN.
(No. 1321.)

(Court of Civil Appeals of Texas. Amarillo.
March 27, 1918.)

1. VENUE 〰70—PLEA OF PRIVILEGE—ADMISSIBILITY.

While the general rule is that a plea of privilege is inadmissible as evidence, where defendant's plea was introduced without objection, the court was authorized to consider it in so far as it tended to prove defendant's residence in another county.

2. VENUE 〰70—CHANGE—SHOWING—SUFFICIENCY.

Before Acts 35th Leg. c. 176,[1] became effective, where plaintiff in suit against member of partnership to defeat defendant's plea of privilege set up a financial statement, signed by defendant for his firm, agreeing that all indebtedness should be payable in the county where plaintiff brought suit, defendant's plea alleging in general terms that said statement was procured by fraud, though introduced in evidence without objection, did not warrant a change of venue.

3. PLEADING 〰8(15)—CONCLUSIONS—FRAUD.

A pleading setting up fraud must contain specific allegations of the acts and conduct relied upon, and must be definite and certain.

4. VENUE 〰70—CHANGE—EVIDENCE ADMISSIBLE.

Evidence that defendant delivered a draft and certain vendor's lien notes to plaintiff, for the purpose of paying the indebtedness sued upon, was immaterial and irrelevant upon question of defendant's right to change of venue.

Appeal from District Court, Taylor County; Joe Burkett, Judge.

Suit by the J. M. Radford Grocery Company against E. H. Flynn. From the judgment rendered, plaintiff appeals. Reversed and remanded.

G. W. Smith, of Abilene, for appellant. E. J. Miller, of Brownwood, for appellee.

HALL, J. Appellant sued appellee, Flynn, in the district court of Taylor county to recover an amount alleged to be due from the Bangs Mercantile Company, a partnership, of which Flynn was a member. The debt was for goods purchased by said mercantile company during the years 1911, 1912, and 1913. Appellee, Flynn, filed his plea of privilege to be sued in Brown county, alleging that to be the place of his residence. To defeat the plea of privilege plaintiff set up a certain financial statement made by Flynn for the Bangs Mercantile Company, in which there is this recital:

"We hereby agree that all indebtedness to the J. M. Radford Grocery Company is payable in Abilene, with interest at 10 per cent. per annum from maturity of the bill and 10 per cent. on the amount unpaid for attorney's fees if placed with an attorney for collection. [Signed] Bangs Mercantile Company, per E. H. Flynn, Member of the Firm."

Reference to the statement of facts discloses that the plea of privilege was introduced in evidence, but that no other testimony was produced to sustain the facts al-leged in it. The court qualified the bill of exception as follows:

"This bill of exception examined, found correct, and signed and approved and ordered filed as part of the record in this case, this the 30th day of March, A. D. 1917, with the qualification that it was an undisputed fact that defendant did live and at present reside in Brown county, Tex., and plaintiff did not accept on the ground that defendant did not make formal proof of his residence."

Appellee's brief states that in open court every material fact alleged in plaintiff's petition was admitted, as well as every material fact in defendant's plea of privilege. We find no such admission in the record. Without the introduction of any testimony whatever to sustain the plea except the plea itself, introduced as evidence, the court ordered the venue changed to Brown county. Under one assignment of error appellant insists that this ruling is incorrect. This assignment must be sustained. Under Acts of the Thirty-Fifth Legislature, p. 388, a plea of privilege, duly verified and filed, is made prima facie evidence of the facts therein stated, but this law was not in operation when this case was tried. The only other evidence introduced, as shown by the statement of facts, is the written agreement signed by Flynn, as a member of the firm of the Bangs Mercantile Company, binding his partnership to pay all indebtedness then existing and subsequently incurred, at Abilene. In his plea of privilege Flynn sets up the facts that he was not aware at the time of making the financial statement that it contained the provision making the firm's indebtedness payable in Abilene; that he was deceived by plaintiff's agent in signing the statement with such provision in it; that the firm account in suit had been satisfied in a certain real estate deal wherein he sold to one Gill, the vice president of appellant company, certain property in the town of Bangs, paying the debt with cash and vendor's lien notes delivered to him by Gill, in payment for said property. No evidence other than the plea itself was offered tending to establish these facts. The only testimony before the court at the time of his ruling sustaining the plea of privilege was the sworn plea and the written agreement to pay the indebtedness sued upon, in Abilene.

[1] The general rule is that the plea is not admissible as evidence. Graves v. First National Bank, 77 Tex. 555, 14 S. W. 163; Texarkana & Ft. Scott Ry. Co. v. Shivel, 114 S. W. 196; Ragland v. Guarantee Life Insurance Co., 157 S. W. 1187; Hopson v. Caswell, 13 Tex. Civ. App. 492, 36 S. W. 312. The plea having been introduced as evidence, however, without objection, the court was authorized to consider it as proof of the allegations contained in it, in so far as it tended to prove his residence in Brown county, but the statement in the plea that none of the exceptions to exclusive venue in Brown

county existed in the cause were disproved by the introduction of the written promise to pay the debt in Abilene. Flynn did not deny the execution of the writing, but sought to avoid its force by allegations of fraud and settlement.

[2] The case is before this court in this condition: The plea of privilege was filed as a pleading, and so far as the record shows was not excepted to, and we are not called upon to pass upon its sufficiency as a pleading, but it was also introduced in evidence, and the question is: Do its allegations of fraud show sufficient facts to avoid the force and effect of the written credit statement? We think not. Fraud is alleged in general terms.

[3] The rule is that a pleading setting up fraud must contain specific allegations of the acts and conduct relied upon, and must be definite and certain. This plea contains no allegation of materiality, intent, or scienter, and if we admit everything alleged in it to be true, there is a failure of proof.

[4] That portion of the plea wherein Flynn alleges that he delivered a draft for $500 and certain vendor's lien notes made by C. W. Gill to appellant for the purpose of paying the indebtedness sued upon is immaterial and irrelevant upon the question of venue, and while the general rule is that, if hearsay and incompetent testimony is admitted without objection, it is the duty of the jury or trial court hearing the case without a jury to give such evidence its full probative force, the rule was modified by the Supreme Court in Henry v. Phillips, 105 Tex. 459, 151 S. W. 533, to the extent that, if the evidence so admitted is irrelevant and immaterial, it will not be considered by the court even though it appears in the record without objection. The transaction between Flynn and Gill could in no way affect the question of jurisdiction, and the evidence on this point is immaterial except upon the issue of payment and settlement. Because the plea of privilege is insufficient in failing to allege facts showing fraud in the execution of the written credit statement and because the credit statement itself proves appellant's right to maintain the suit in Taylor county under the fifth exception to the venue statute, we think the trial court erred in changing the venue.

The judgment is therefore reversed, and the cause remanded.