### JOINES v. BROWN. (No. 7380.)

Court of Civil Appeals of Texas. Austin. Sept. 25, 1929.

Rehearing Denied Oct. 15, 1929.

Critz & Woodward, of Coleman, for appellant.

A. O. Newman, of Coleman, for appellee.

McCLENDON, J. Appeal from an interlocutory order overruling a plea of privilege, seeking to change the venue from a precinct in Coleman county where appellee resided to a precinct in Brown county where appellant resided. Venue in the Coleman county precinct was predicated on three grounds: (1) That the suit was for labor performed in the precinct; (2) that appellant was a transient person; and (3) that his residence was unknown.

Grounds 1 and 2 find no support in the evidence. As to ground 3: Hopson v. Caswell, 13 Tex. Civ. App. 492, 36 S. W. 312, holds that venue is properly laid at the residence of plaintiff, where, when the suit is filed, defendant's place of residence is unknown to plaintiff, and is not so notorious as to charge plaintiff with notice thereof. The decision in that case was rendered in 1896, and so far as we have been able to find has never been questioned. Subsequently in the codifications of 1911 and 1925 the statute there construed (Subdivision 8, art. 2390, Rev. St. 1925) has been re-enacted without change. We therefore do not feel warranted in making a contrary holding.

The evidence at bar is closely analogous to that in the Hopson Case, and is sufficient, in our opinion, to warrant the holding that appellant's residence was not known to plaintiff at the time suit was filed, and that the facts and circumstances were not such as to charge appellee with notice thereof. To detail and discuss the evidence would add largely to the length of this opinion, without, we believe, appreciable addition to the jurisprudence of the state. The trial court's judgment is affirmed.

Affirmed.