## EMPIRE GAS & FUEL CO. v. NOBLE et al.
### No. 1426—5627.

Commission of Appeals of Texas, Section A.
March 4, 1931.

O. C. Julien, of Bartlesville, Okl., and A. D. Dyess and Leon Jaworski, both of Houston, for plaintiff in error.

Maco Stewart, of Galveston, and A. J. De Lange, of Houston, for defendants in error.

SHARP, J.

For a partial statement of the nature and result of this case we adopt the clear and ad-mirable statement made by Judge Walker in the opinion of the Court of Civil Appeals. The pleadings are voluminous, which makes the statement long, but it cannot be abbreviated. It is as follows:

"In the case of H. Taylor et al. v. Higgins Oil & Fuel Co. et al., on the docket of the district court of Liberty county, on the 18th day of August, 1924, appellants Lynd and Noble, defendants in that suit, recovered judgment against their codefendant, the appellee here, Empire Gas & Fuel Company, for the sum of $15,679.12, together with certain other relief set out in the judgment. That suit as instituted was an action in trespass to try title by H. Taylor and others against Houston Production Company and others, to recover a small tract of 1.27 acres of land off the east end of the 10-acre tract held under lease by the Houston Production Company. Immediately west of that tract was a tract of 5 acres owned by the appellants, who had leased it for oil development to appellee. Houston Production Company made the claimants of this 5 acres parties defendant, and in the event they lost to plaintiffs claimed the same amount off the east end of the 5-acre tract. Plaintiffs had brought in a producing oil well on the tract they were suing for, and the Empire Gas & Fuel Company, as lessees under appellants, had brought in a producing oil well on the small tract put in controversy by the action of the Houston Production Company against them. On similar pleas the owners of the tracts lying west of the 10-acre tract and the 5-acre tract were made parties defendant in that case. In the final judgment rendered therein on the 18th day of August, 1924, the plaintiffs lost to the Houston Production Company, and judgment was entered against them on the issue of title and also on the issue of improvements made in good faith.

"The Houston Production Company having recovered against the plaintiffs, it followed that they had no cause of action against Lynd and Noble and Empire Gas & Fuel Company on its cross-action, and that none of the other defendants had causes of action against their codefendants on their cross-actions. The judgment in favor of Lynd and Noble against Empire Gas & Fuel Company was in response to their plea asking for an accounting for the oil produced by it from the well on their lease. H. Taylor et al. appealed from the judgment against them to this court, where the judgment was in all things affirmed, except on the issue of improvements in good faith between them and Houston Production Company. On that issue the case was remanded for a new trial. The judgment of the trial court in that case was very lengthy, and by express recitations adjusted the claims of all the parties to all the land that had been brought in by cross-action. The plaintiffs, in appealing,

superseded the judgment of the trial court, and in affirming the judgment as between the plaintiffs and the Houston Production Company this court affirmed the judgment as rendered between all the other parties to the suit. Writ of error was denied by the Supreme Court against our judgment. Our opinion is reported in 2 S.W.(2d) 288, Taylor v. Higgins, to which we refer for a more particular statement of the claims of the various parties and the relative location of the several tracts of land put in controversy in that suit.

"After writ of error was denied, Lynd and Noble called upon Empire Gas & Fuel Company to pay their judgment against it. After continued negotiations, payment was refused. Lynd and Noble then sued out execution on their judgment, and this suit was brought by appellee, Empire Gas & Fuel Company, against appellants Lynd and Noble and their attorney, and the sheriff to whom execution had been delivered, praying that the judgment against it in favor of appellants be annulled and canceled, and that appellants be forever enjoined from enforcing it. By its preliminary allegations appellee pleaded in detail all the circumstances leading up to the judgment against it, which circumstances are reflected in our statement, as made supra."

The Court of Civil Appeals reversed the judgment of the trial court rendered in cause No. 6810 canceling and annulling the judgment rendered in favor of Lynd and Noble against the Empire Gas & Fuel Company, and held that the original judgment rendered in cause No. 5837 on the 18th day of August, 1924, is a valid judgment, and that same is not dormant. 20 S.W.(2d) 849. A writ of error was granted by the Supreme Court. The cross-bill filed by Lynd and Noble against the Empire Gas & Fuel Company is set out in the opinion of the Court of Civil Appeals, and we refer to same.

The Empire Gas & Fuel Company contend that the judgment rendered in cause No. 5837, supra, is void for the following reasons, to wit:

(1) No citation was ever issued or served against the Empire Gas & Fuel Company on the purported cross-action filed against it by Lynd and Noble, and no waiver of service was ever made by the company.

(2) That the district court of Liberty county is a court of record and any judgment rendered in said court must be supported by pleadings.

(3) That the judgment on said purported cross-action against the Empire Gas & Fuel Company was entered non obstante veredicto and the district courts of this state are without power to enter such judgment.

(4) That the purported judgment was wholly unsupported by the evidence.

(5) The judgment rendered in this cause on said purported cross-action was rendered on the 18th day of August, 1924, and was not appealed from by either the Empire Gas & Fuel Company or the said Lynd and Noble, and, no execution having been issued thereon within one year as provided for by law, said judgment was dormant.

The main question for decision in this case is: Was the judgment rendered in the district court of Liberty county in cause No. 5837 on August 18, 1924, in the case of H. Taylor et al. v. Higgins Oil & Fuel Co. et al., a valid and binding judgment as between Lynd and Noble and the Empire Gas & Fuel Company?

This record discloses that in cause No. 5837 plaintiffs filed their original petition therein on January 19, 1923; that the original answer of the Empire Gas & Fuel Company and Lynd and Noble was filed July 14, 1923; on March 3, 1924, attorneys for Lynd and Noble filed a cross-bill against their codefendant, the Empire Gas & Fuel Company; no citation on the cross-bill filed by Lynd and Noble was issued or served on the Empire Gas & Fuel Company nor any waiver thereof made by that company; that the case was continued until August 18, 1924, at which time it was tried and judgment rendered in said cause. It is a long judgment, and only the pertinent parts will be set out herein. It recites that "on this the 18th day of August A. D. 1924, this cause was called for trial, and thereupon appeared each and all of the plaintiffs and announced ready for trial, as did also each and all of the defendants, except the following defendants, viz." (The Empire Gas & Fuel Co. is not one of them.)

It further recites: " * * * And the defendants, Empire Gas & Fuel Company, E. L. Noble and J. H. Lynd, ought to have and recover of and from the defendants, S. E. Bevers, M. B. Finkelstein and A. Boyd, the land sued for by them herein."

And again it recites: " * * * And also by the cross-action of the defendant, Empire Gas & Fuel Company, E. L. Noble and J. H. Lynd, and said defendants, Houston Production Company, Empire Gas & Fuel Company, E. L. Noble and J. H. Lynd, announced to the court that they dismissed their cross-action against said defendant, Earl Wharton, and accordingly the court ordered that this cause as to said defendant, Earl Wharton, be and the same is hereby dismissed."

Again it recites: " * * * And further it is ordered, adjudged and decreed by the court that said defendants, E. L. Noble and J. H. Lynd, do have and recover of and from the said defendant, Empire Gas & Fuel Company, the sum of Fifteen Thousand Six Hundred and Seventy-nine & 12/100 ($15,679.-12) Dollars, with interest thereon from this date at the rate of 6% per annum, and further that this judgment and recovery in favor

of said defendants, E. L. Noble and J. H. Lynd, is without prejudice to their right to hereafter recover of and from said defendant, Empire Gas & Fuel Company, all royalties not included in the sum of money above mentioned and which may accrue after August 19th, 1924, under and in accordance with the provisions, terms and conditions of that certain oil and mineral lease above mentioned from said E. L. Noble and J. H. Lynd to said Empire Gas & Fuel Company, of date June 1st, 1922, recorded in Vol. 115, pages 87 et seq., Deed Records of Liberty County, Texas."

It is undisputed that no citation was issued or served upon the Empire Gas & Fuel Company on the cross-bill filed by Lynd and Noble asking for an accounting between them. However, it is contended that on the face of the judgment entered the Empire Gas & Fuel Company made its appearance in the case at a time and under such circumstances as to require it to take notice of their cross-bill. It is shown by the record that the cross-bill by Lynd and Noble against the Empire Gas & Fuel Company was filed on March 3, 1924; that the case was continued and a trial had on the 18th day of August, 1924. The judgment recites that the Empire Gas & Fuel Company appeared and announced ready for trial; that it presented certain demurrers to the pleadings which were acted upon by the court and to which action it excepted; that during the trial it appeared on the issues made against it and Lynd and Noble by the Houston Production Company; that these issues were heard by the court and decreed in its favor, and furthermore the trial court heard the evidence on the cross-bill filed by Lynd and Noble and entered the judgment complained of.

If a judgment is void, the party against whom it is rendered is not compelled to show a defense to the action in order to enjoin it. Galveston, H. & S. A. Ry. Co. v. Ware, 74 Tex. 47, 11 S. W. 918. However, if a judgment shows upon its face to be valid, every presumption will be indulged in support of it. Look v. Henderson, 4 Tex. 303; Pierson v. Burney, 15 Tex. 272; Townsend v. Ratcliff, 50 Tex. 148.

It is a general rule that, if one of several defendants pleaded over against a codefendant, asserting against him rights in the subject of litigation not mentioned in the petition, notice must be served upon the defendant thus pleaded against, unless he has answered in the main cause. Roller v. Reid, 87 Tex. 69, 26 S. W. 1060; Crain v. Wright, 60 Tex. 515; Simon v. Day, 84 Tex. 520, 19 S. W. 691; Gulf, C. & S. F. Railway Co. v. Hathaway, 75 Tex. 557, 12 S. W. 999.

It is equally well settled that, if a person enters his appearance in the main case, he is before the court for all purposes, and the person filing his cross-bill is entitled to his judgment thereon without the necessity of citation. Sullivan v. Doyle, 108 Tex. 368, 194 S. W. 136; Gregg v. Texas Bank & Trust Co. (Tex. Civ. App.) 235 S. W. 689 (writ denied); Roller v. Reid, supra; Cruz v. Texas Glass & Paint Co. (Tex. Civ. App.) 199 S. W. 819, 821; Bryan v. Lund, 25 Tex. 98; Hickman v. Swain (Tex. Civ. App.) 210 S. W. 548, 550.

In 34 C. J. p. 293, § 509, it is said: "A judgment will not be set aside on account of defects or insufficiency in the pleadings, especially where the alleged fault was amendable, or has been waived by joining issue and going to trial, or cured by verdict." See Freeman on Judgments (5th Ed.) §§ 222, 366.

Let us apply the foregoing rules to the facts of this case. The Empire Gas & Fuel Company, as shown by the judgment of the trial court, participated in the proceedings during the trial of the case; that the record further shows that a copy of the judgment was furnished the attorney of record for the Empire Gas & Fuel Company before its entry by the court and no objection made thereto; that the attorney of record for the Empire Gas & Fuel Company approved the statement of facts containing the testimony introduced in support of the cross-bill, upon which an appeal was made. Attached to the pleadings is a copy of a letter written by its attorney to the Empire Gas & Fuel Company, in which a copy of the judgment entered is inclosed, stating that the judgment has been entered for the amount stated therein and that it was proper for same to be paid.

A casual inspection of the record would have disclosed the judgment complained of. These facts, in our opinion, as a matter of law, visited notice to the Empire Gas & Fuel Company of the contents of this judgment. Gulf Production Co. v. Palmer (Tex. Civ. App.) 230 S. W. 1017 (writ denied).

Therefore, based upon this state of the record, the rule is well established in this state that, in order to permit the Empire Gas & Fuel Company to set aside the judgment rendered herein after the term of the court in which it is rendered has expired, the burden rests upon the Empire Gas & Fuel Company to allege and prove the following prerequisites:

(a) That the Empire Gas & Fuel Company was prevented from presenting its defense by fraud, mistake, or accident and without any want of proper diligence on its part.

(b) That it has a meritorious defense.

The judgment entered in cause No. 5837, and complained of, is regular upon its face. The term of the court at which the foregoing judgment was rendered had expired, and the suit to annul and cancel same was filed something like four years later. Assuming that the pleadings filed by the Empire Gas & Fuel

Company complied with the foregoing prerequisites, yet there was no proof offered except the pleadings filed. The fact that the Empire Gas & Fuel Company introduced its pleadings did not meet the requirement of the rule stated. See Hopson v. Caswell, 13 Tex. Civ. App. 492, 36 S. W. 312; Robertson v. Ephraim, 18 Tex. 124; Graves v. Bank, 77 Tex. 555, 14 S. W. 163; Humphrey et al. v. Harrell (Tex. Com. App.) 29 S.W.(2d) 963, 964; 1 Enc. Plead. & Prac. 32. The judgment entered by the district court of Liberty county on the 11th day of February, 1929, annulling and canceling the judgment entered in cause No. 5837 and forever enjoining Lynd and Noble from executing the judgment, recites as follows: "No evidence having been introduced or heard by the court other than to consider the pleadings in this cause, and the said pleadings, filed papers, and judgments in said Cause No. 5837. * * *"

In the case of Humphrey et al. v. Harrell et al., supra, it is said:

"It has long been the settled rule in this state that the trial court is without power to grant a new trial after the expiration of the term at which the judgment assailed is rendered. The law has provided rules for new trials at the term at which a judgment is rendered, and, if a party has not availed himself of his legal remedy in a manner prescribed by law, it is lost. However, if it can be shown under certain circumstances where there has been fraud, accident, or mistake, and a person has been deprived of his rights through no fault of his own, courts of equity in the due exercise of their discretionary powers may grant relief by retrying the case upon its merits, and the former judgment may be set aside and such relief will be granted as is appropriate and warranted by pleading and proof on the entire case. Mussina v. Moore, 13 Tex. 8; Seguin v. Maverick, 24 Tex. 526, 76 Am. Dec. 117; Overton v. Blum, 50 Tex. 417; McMurray v. McMurray, 67 Tex. 665, 4 S. W. 357; Browning v. Pumphrey, 81 Tex. 163, 16 S. W. 870; Robbie v. Upson (Tex. Civ. App.) 153 S. W. 406; Kruegel v. Cobb, 58 Tex. Civ. App. 449, 124 S. W. 723 (writ refused).

"The only relief to an injured party, other than by appeal, is by direct suit setting up equitable grounds for the relief sought. When such a petition for relief at a subsequent term is brought before the proper court, it is not contemplated that the cause shall be divided and tried by piecemeal; one in which a judgment is rendered setting aside the former judgment and the other in a trial on the merits, but every issue arising on the merits must be disposed of, and the relief prayed for is either denied or granted in the one proceeding. Roller v. Wooldridge, 46 Tex. 485; Lamb-McAshan Co. v. Ellis (Tex. Com. App.) 270 S. W. 547; Owens v. Foley, 42 Tex. Civ. App. 49, 93 S. W. 1003, 1005 (writ of error denied); Cooper v. Cooper (Tex. Civ. App.) 260 S. W. 679; Reed v. Runion (Tex. Civ. App.) 269 S. W. 449; Bell v. Cobb (Tex. Civ. App.) 296 S. W. 976; Barton v. Montex Corp. (Tex. Civ. App.) 295 S. W. 950; Camden Fire Ins. Co. v. Hill (Tex. Com. App.) 276 S. W. 887; Brown v. Clippinger, 113 Tex. 364, 256 S. W. 254."

See Wear v. McCallum (Tex. Sup.) 33 S.W. (2d) 723.

Unless the judgment entered in cause No. 5837 is dormant as shown by the record, the contentions made by the Empire Gas & Fuel Company should be overruled. Upon this phase of the case we quote from the statement made by the Court of Civil Appeals in its opinion as follows:

"The judgment was not dormant at the time appellants sued out their execution. The judgment was entered on the 29th day of August, 1924, and affirmed by this court and rehearing denied on January 11, 1928, and afterwards writ of error dismissed by the Supreme Court. Within less than a year from that date appellants sued out their execution. We agree with appellants that Shamburger v. Glenn (Tex. Civ. App.) 255 S. W. 815, 816, announces a correct rule where it is said: 'Where there are separate causes of action, the judgment upon each cause of action is a separate judgment, and where a party appeals from the judgment rendered as against him, and the other parties fail to appeal, the causes of action being separate and distinct, the judgment as to the parties not appealing becomes final. Burleson v. Henderson, 4 Tex. 60; Bradford v. Taylor, 64 Tex. 171; Boone v. Hulsey, 71 Tex. 176, 9 S. W. 531; Lauchheimer v. Coop, 99 Tex. 386, 89 S. W. 1061, 90 S. W. 1098.'

"But that rule has application, as between the defendants, only when the cause of action asserted by the one against the other is separate from the plaintiff's cause of action, and where the affirmance or reversal of the plaintiff's cause of action would not affect the judgment as between the defendants. That is not the case here. On the face of the record it affirmatively appears that the Houston Production Company had no cause of action against appellee and appellants on its cross-action against them, unless the plaintiffs recovered against it, and that situation applies to all the cross-actions filed by the defendants against each other. It also affirmatively appears on the face of the record that, had plaintiffs recovered against the Houston Production Company, it would have been entitled, as a matter of law, to judgment against appellee and appellants, and that the oil produced from the land claimed by appellants would have belonged to the Houston Production Company. Therefore the judgment in favor of the Houston Production Company was so related to the judgment against it in favor of appellants and appellee that, had this court reversed the judgment in favor of

the plaintiffs as a matter of law, without any cross-assignments by the Houston Production Company against appellants and appellee, and without any cross-assignment by appellee over against appellants, the judgments in their favor would have been reversed. These judgments were all so related that the reversal of one, as a matter of law, would have required us to reverse all others, in order that the trial court, in finally disposing of the issues between the parties, might do justice among them. The supersedeas bond filed by the plaintiffs, to which appellee and appellants and all other defendants were made parties, operated to supersede appellants' judgment against appellee."

Tested by every sound rule, the judgment entered in cause No. 5837 undoubtedly shows upon its face to be valid, and therefore every presumption will be indulged in support thereof.

█ We are in accord with the holding of the Court of Civil Appeals that the judgment entered on August 18, 1924, in cause No. 5837 is not dormant, and that it is a valid, outstanding, and enforceable judgment in favor of Lynd and Noble against the Empire Gas & Fuel Company, and that the trial court erred in annulling and canceling same upon the ground that it was dormant.

Therefore we recommend that the judgment of the Court of Civil Appeals reversing the judgment of the trial court be in all respects affirmed.

### CURETON, C. J.

Judgment of the Court of Civil Appeals reversing that of the district court is affirmed, as recommended by the Commission of Appeals.