### Ex parte HEAD.
### No. 1635.

Court of Civil Appeals of Texas. Eastland.
Feb. 26, 1937.

Roach & Roach, of Commerce, for appellant.

McKinney & Berry, of Cooper, for appellee.

LESLIE, Chief Justice.

This is an appeal from an interlocutory order overruling the plea of privilege of T. C. Head to be sued in Nolan county, Tex., the place of his alleged residence. The matter out of which the issues grow was a habeas corpus proceeding instituted by his former wife, Jewell Head, before the district judge of Delta county and in the district court of that county against said T. C. Head et al., alleging that said T. C. Head illegally confined and restrained T. C. Head, Jr., of his liberty in Sweetwater, Nolan county, Tex. The proceeding was instituted July 2, 1935, and a writ of habeas corpus prayed for directing that said T. C. Head bring the said child before the judge and court for a hearing.

The parties will be referred to as plaintiff and defendants. On an ex parte hearing, the judge issued the writ directing same

to be served on T. C. Head by the officer in Nolan county, Tex. The defendant T. C. Head filed his plea of privilege to be sued in that county and the plaintiff filed her controverting affidavit to the same, seeking to hold the venue of said cause as to T. C. Head in Delta county, under exception 3 to the general venue statute, article 1995, on the ground that Delta county was plaintiff's residence and that the residence of defendant Head at the time of filing the suit was unknown.

T. C. Head's original plea of privilege was filed July 16, 1935. The next day (July 17) at 10:10 he filed an amended plea of privilege. On the same day the plaintiff filed an amended controverting affidavit. At the same time she filed a pleading in the main suit amplifying the rather informal pleadings which had gone before. In this amendment she alleged that she was the mother of T. C. Head, Jr., and further set up facts showing her ability and qualifications to maintain, support, and educate the child; that by reason thereof she was entitled to his custody. She further alleged facts and circumstances which she contended disqualified T. C. Head from having custody of the child.

These many pleadings by the plaintiff and defendants, as well as an intervener, were filed July 17, 1935, the same day of trial and judgment. The parties interested in this appeal appeared for trial, the defendant Head by his attorney. On pleadings apparently satisfactory to all parties a hearing was had on the issues raised by the plea of privilege and controverting affidavit. The pleadings in the main case had also been amended by each party, drawing the issue on qualifications and right to custody of the child. This is of no substantial importance here since on the trial on the merits of the case each party may yet amend his pleadings if he then deems it proper and necessary to do so. In any event such pleadings on the merits, as above indicated, were on file when the question on venue was presented, testimony heard, and judgment rendered on July 17, 1935. The appellee has not briefed the case and the appellant in his brief makes but one contention and that is that there is no evidence in the record to support the conclusion in the judgment that the residence of defendant T. C. Head was unknown at the time of filing suit.

From this it is seen that the question before us is one of law. Hall Music Co. v. Robinson 117 Tex. 261, 1 S.W.(2d) 857. We are to determine whether there is any evidence to support the judgment. We have carefully examined the statement of facts and we find the testimony conflicting upon the issue of whether or not T. C. Head's residence was unknown at said time.

Jewell Head testified in her own behalf and to the effect that she did not know his residence at that time and that she had made diligent search to ascertain his whereabouts and residence prior thereto. The writ was directed to the defendant in Nolan county, Tex., on the theory that the child was being restrained of his liberty in that vicinity. Her efforts to locate the defendant appear to have been done in connection with another suit pending in Delta county, which had evidently been instituted by her against the defendant and possibly involving the custody of the child. As to this, the record is not clear. After defendant's departure from Delta county where they resided during their married life, she knew he went to Throckmorton county, because he instituted suit in that county for a divorce and she had been served with citation. Soon thereafter she knew the defendant went to Albany, Shackelford county, where he again married. In an effort to locate him, she went to Albany and made inquiry, but was unable to locate him at that point. From some source she gained information that he was in Nolan county, possibly living with a kinsman, residing in Sweetwater. She then went to that place, but was unable to locate him. At one time she was informed that he had gone to Dallas county. At another time she testified she was informed he had gone to Coke county. She testified that she applied to the father and sister of the defendant and each of them refused to tell her of the whereabouts of the defendant T. C. Head. However, based upon some character of information possessed by her or her attorneys, this habeas corpus proceeding was instituted and the writ directed by the court to be served upon the defendant charged with restraining the child of his liberty in Nolan county, Tex.

The constable in Nolan county being unable to locate the defendant returned the writ stating that fact. In a day or two after the constable returned the writ he learned the defendant was in the southern part of Nolan county, residing on a government farm. On the 6th day of July he wrote plaintiff to that effect, and another writ was

directed on July 8th to Nolan county to be served upon T. C. Head. The constable served the writ on July 10th and he was present by attorney on the date set for hearing.

The foregoing is in substance and in part the testimony in the case, and that is set forth merely to show the conflicting nature of the same. The issue of Head's residence being unknown at the time of the filing of the suit was passed upon by the trial court. There being sufficient evidence to support the judgment, the same cannot be disturbed by this court.

We have confined our consideration to the only point raised by the appeal and in affirming the judgment we are supported in principle by the following authorities: Joines v. Brown (Tex.Civ.App.) 20 S.W. (2d) 366; Hopson v. Caswell, 13 Tex.Civ. App. 492, 36 S.W. 312; Kuteman v. Page, 3 Willson, Civ.Cas.Ct.App. §§ 164, 165; Walker v. Walker, 22 Tex. 331.

The judgment of the trial court is affirmed.